345 So.2d 724 (1977)
Merritt H. POWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 49087.
Supreme Court of Florida.
April 7, 1977.
Rehearing Denied May 31, 1977.
Merritt H. Powell, in pro. per.
Robert L. Shevin, Atty. Gen., and Anthony J. Golden, Asst. Atty. Gen., for appellee.
ADKINS, Justice.
This case is before us on direct appeal from an order of the Orange County Court *725 which denied appellant's motion to dismiss a traffic offense charge. In denying the motion the county court inherently upheld the constitutionality of Section 316.210, Florida Statutes. We have jurisdiction. Article V, Section 3(b)(1), Florida Constitution.
Section 316.210, Florida Statutes, provides in pertinent part as follows:
"316.210 Windshields required to be unobstructed, fixed upright and equipped with safety glass and wipers.
"(2)(b) No person shall operate any motor vehicle upon any public highway, road, or street, on which the rear window is composed of, covered by, or treated with, any material which has a highly reflective or mirrored appearance and which has a total solar reflectance, when applied to automotive glass, greater than 35 percent in the visible light range.
* * * * * *
"(2)(d) No person shall operate any motor vehicle upon any public highway, road, or street, on which the sidewings and side windows on either side forward of or adjacent to the operator's seat are composed of, covered by, or treated with, any material which has the effect of making these glass areas nontransparent in any way or which has a highly reflective or mirrored appearance and a total solar reflectance, when applied to automotive glass, greater than 35 percent in the visible light range."
Appellant received a traffic citation in Orange County on January 9, 1976, for violation of Section 316.210(2)(b), (d), Florida Statutes, in that the side windows and the rear window of his vehicle were covered with reflective material. A plea of not guilty was entered before the court and appellant filed a motion to dismiss the charges upon the grounds that the statute in question was unconstitutional and void. The motion was denied by the court, and on March 2, 1976, appellant was assessed a fine of $15.00, plus costs of $7.00.
We have sub judice an attack on the constitutionality vel non of the statute. Appellant contends that it bears no reasonable relation to any proper governmental purpose and is overbroad constituting a denial of due process and equal protection of the law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Sections 2 and 9 of the Florida Constitution.
It is a fundamental principle that this Court has the duty if reasonably possible, consistent with protection of constitutional rights, to resolve all doubts as to the validity of a statute in favor of its constitutionality, and if reasonably possible a statute should be construed so as not to conflict with the constitution. Tornillo v. Miami Herald Publishing Co., 287 So.2d 78 (Fla. 1973). Every presumption is to be indulged in favor of the validity of the statute, and the case is to be considered in the light of the principle that the State is primarily the judge of regulations in the interest of public safety and welfare. Gitlow v. People of New York, 268 U.S. 652, 45 S.Ct. 625, 69 L.Ed. 1138 (1925).
The inhibitions of the Constitutions of the United States upon the deprivation of property without due process, or the equal protection of the law by the states, are not violated by the legitimate exercise of legislative power in securing the health, safety, morals, and general welfare. Miami Bridge Co. v. Railroad Comm'n, 155 Fla. 366, 20 So.2d 356 (1945). The use of the police power to such ends, within reasonable bounds, has long been approved by this Court. Youngblood v. Darby, 58 So.2d 315 (Fla. 1952).
The purpose of the legislature invoking the police power to prohibit reflective or mirrored materials on the windows of motor vehicles is the promotion of public safety. We hold Section 316.210, Florida Statutes (1975) to be a legitimate exercise of this power as granted by the Constitution.
The judgment of the trial court is affirmed.
It is so ordered.
*726 OVERTON, C.J., and BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.