400 So.2d 762 (1981)
STATE of Florida, Appellant,
v.
Esteban YU, Appellee.
STATE of Florida, Appellant,
v.
Alejandro TORO, Appellee.
STATE of Florida, Appellant,
v.
Gilbert MEJIA, Appellee.
STATE of Florida, Appellant,
v.
Ubaldo MARULANDA, Appellee.
STATE of Florida, Appellant,
v.
Dennis POLING, Appellee.
STATE of Florida, Appellant,
v.
Dane Michael GRAZIANO, Aldolfo Ferreira, and Gail Rehman, Appellees.
STATE of Florida, Appellant,
v.
Dania GOMEZ, Placido Bentancourt, Gustavo Calliero, and Raul Gonzalez, Appellees. State of Florida, Appellant,
v.
Jim WALL, III, William Gregory Wall, and Danny Russell, Appellees.
STATE of Florida, Appellant,
v.
Howard LEVINSON, Dennis Romanov, and Mark Adrian Miller, Appellees.
STATE of Florida, Appellant,
v.
Michael Lee HARRIS, Appellee.
Nos. 57961, 58105, 58106, 58108, 58137, 58267, 58364, 58674, 58828 and 58971.
Supreme Court of Florida.
May 8, 1981.
Rehearing Denied July 23, 1981.
*763 Jim Smith, Atty. Gen., and Calvin L. Fox and Stewart J. Bellus, James S. Purdy, Asst. Attys. Gen., Miami, for appellant.
Denis Dean of Dean & Hartman, Miami, for appellee Yu.
Manuel Vazquez, Coral Gables, for appellee Toro.
William R. Tunkey of Weiner, Robbins, Tunkey & Ross, Miami, for appellees Mejia, Marulanda, and Gomez.
I. Richard Jacobs, Miami, for appellee Poling.
Melvin S. Black, Miami, and Steven Wisotsky, Fort Lauderdale, for appellee Graziano.
Edward J. O'Donnell of Spain & O'Donnell, North Miami, for appellee Ferreira.
Richard A. Beiley and Benedict P. Kuehne of Bierman, Sonnett, Beiley & Shohat, Miami, for appellee Rehman.
Robert G. Kerrigan of Kerrigan, Estess & Rankin, Pensacola, for appellee Wall.
Michael D. Gelety, Fort Lauderdale, for appellee Levinson.
P.D. Aiken of Aiken & Damore, Fort Lauderdale, for appellee Romanov.
Arnold T. Blostein, Fort Lauderdale, for appellee Miller.
Ronald K. Cacciatore, Tampa, for appellee Harris.
Rehearing Denied July 23, 1981 (58,674).
ALDERMAN, Justice.
These cases are before us on direct appeal to review orders of the trial courts granting the defendants' motions to dismiss and holding section 893.135, Florida Statutes (1979), unconstitutional. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution (1972).
We resolved all of the constitutional issues presented by these appeals, with the exception of one, in State v. Benitez, 395 So.2d 514 (Fla. 1981), wherein we upheld the validity of section 893.135. We, however, did not address the issue of whether section *764 893.135(1)(b), prohibiting the sale or possession of "28 grams or more of cocaine or any mixture containing cocaine, as described in s. 893.03(2)(a)," violates the due process and equal protection provisions of the Florida and the federal constitutions.
In the appealed orders, the trial courts held that penalizing possession of a certain amount of "any mixture containing cocaine" without regard to the percentage of cocaine in the mixture is arbitrary, unreasonable, and a violation of due process and equal protection of the law. We disagree and uphold section 893.135 against these challenges.
We find convincing the rationale of the Supreme Court of Illinois in People v. Mayberry, 63 Ill.2d 1, 345 N.E.2d 97, cert. denied, 429 U.S. 828, 97 S.Ct. 87, 50 L.Ed.2d 92 (1976). Therein, defendants challenged the Illinois cannabis control act and the controlled substances act which classified offenders by providing that an offense becomes more severe as the weight of the substance involved increases. The classifications of this act were not based upon the amount of pure cannabis or controlled substance involved but rather were based upon the amount of the substance containing the cannabis or controlled substance. Upholding this act, the Illinois Supreme Court, relying upon United States ex rel. Daneff v. Henderson, 501 F.2d 1180 (2d Cir.1974), said:
The court noted in Daneff that dangerous drugs are generally marketed in a diluted or impure state. It was therefore held that it was not unreasonable or irrational for a legislature to deal with the mixture or compound rather than the pure drug. The court went on to state that "[t]he State cannot be expected to make gradations and differentiations and draw distinctions and degrees so fine as to treat all law violators with the precision of a computer." (501 F.2d 1180, 1184). We find the reasoning of the court in Daneff persuasive. Our legislature may have believed that any given amount of drug can be distributed to a greater number of people and thus have a greater potential to be harmful if it is mixed with another substance. While the soundness of that belief may be questionable, the determination is one for the legislature to make, and we cannot find that the classification schemes at issue have no reasonable basis. Also, the defendants have not demonstrated that a classification scheme based upon the amount of the pure drug contained in a given substance would be feasible. We therefore conclude that the classification schemes are not unconstitutional merely because they are based on the amount of the "substance containing" the cannabis or controlled substance rather than upon the pure cannabis or controlled substance.
345 N.E.2d at 101.
In Daneff, defendant challenged a New York drug law on the basis that there was no rational basis for the statutory scheme which assessed punishment on possession of a quantity of "mixture" without regard to the actual quantity of the dangerous drug present in the mixture. Defendant argued that this sentencing scheme violated equal protection and due process of the law because it created unequal and irrational treatment of offenders guilty of what he contended were identical offenses. Under the New York law, possession of a given amount of pure cocaine and the possession of the same amount of cocaine mixed with various amounts of diluent were viewed as different offenses, the latter carrying greater sanctions. The United States Court of Appeals, Second Circuit, held that there was a rational basis for the classifications drawn by the New York legislature, and therefore the statute in question did not violate either due process or equal protection of the laws. It held that defendant's argument in support of his claim that the statute was irrational proved too much and too little and explained:
Too much, in the sense that, by accepting appellant's own premise that narcotics such as heroin and cocaine are generally marketed in mixtures or compounds, it does not seem unreasonable or irrational for a legislature to deal realistically with *765 the marketing of the mixture or compound rather than the handling of the pure narcotic. Too little, in the sense that while it may not be wise to let the possessor of the pure or a purer product escape with a lighter penalty than that going to the possessor of the drug in its ordinary marketable form, it is not necessary for a legislature to attempt to eradicate all evil, but only part of it; as the Court said in Pennsylvania v. Ashe, 302 U.S. 51, 55, 58 S.Ct. 59, 60, 82 L.Ed. 43 (1937), "The comparative gravity of criminal offenses and whether their consequences are more or less injurious are matters for [the state's] determination."
501 F.2d at 1184. Recognizing that heroin and cocaine at least are generally marketed in a diluted or impure state, the court stated that the legislature's rationale for striking at the mixture or compound was evident.
We agree and find this rationale applicable to section 893.135(1)(b). The legislature has broad discretion in determining necessary measures for the protection of the public health, safety, and welfare, and we may not substitute our judgment for that of the legislature as to the wisdom or policy of a legislative act. Hamilton v. State, 366 So.2d 8 (Fla. 1978). Section 893.135(1)(b) bears a reasonable relationship to the legitimate state objective of protection of the public health, safety, and welfare. The legislature reasonably could have concluded that a mixture containing cocaine could be distributed to a greater number of people than the same amount of undiluted cocaine and thus could pose a greater potential for harm to the public. This was within its prerogative to decide, and it has not been shown that such decision was irrational or unreasonable.
Accordingly, the orders of the trial courts are reversed on the authority of State v. Benitez and on the basis of our present holding that section 893.135(1)(b) is not arbitrary and unreasonable and does not violate due process and equal protection of the laws.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND and McDONALD, JJ., concur.