402 So.2d 1153 (1981)
STATE of Florida, Appellant,
v.
Russell LEICHT, Appellee.
STATE of Florida, Appellant,
v.
Steven W. JORDAN, Appellee.
Nos. 58233, 58288.
Supreme Court of Florida.
June 25, 1981.
Rehearing Denied September 24, 1981.
*1154 Jim Smith, Atty. Gen. and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellant.
H. Dohn Williams, Jr., of Varon & Stahl, Hollywood, for appellee Russell Leicht.
Peter F.K. Baraban, Miami, for appellee Steven W. Jordan.
McDONALD, Justice.
The state appealed a circuit court ruling declaring section 893.135, Florida Statutes (1979),[1] unconstitutional. This Court stayed further proceedings in the instant cases because of the pending disposition of State v. Benitez, 395 So.2d 514 (Fla. 1981). In Benitez, this Court found section 893.135 to be constitutional. That ruling does not entirely dispose of these two cases, however, because in the trial court the appellees presented an additional challenge to the statute's constitutionality to the ones covered in Benitez. We again uphold the statute.
Appellees contend that section 893.135 violates equal protection by singling out only four[2] of the controlled substances proscribed in section 893.03, Florida Statutes (1979). They claim that many other drugs are as dangerous and as widely abused as the four for which mandatory sentences have been enacted and that, therefore, there is no rational basis to support the classification set out in section 893.135. We disagree.
As the United States Supreme Court has stated:
"Evils in the same field may be of different dimensions and proportions requiring different remedies... . [R]eform may take one step at a time, addressing itself to the phase of the problem which seems most acute to the legislative mind... . The legislature may select one phase of one field and apply a remedy there, neglecting the others." Williamson v. Lee Optical of Oklahoma, Inc., 348 U.S. 483 [75 S.Ct. 461, 99 L.Ed. 563] [1955].
Two Guys from Harrison-Allentown, Inc. v. McGinley, 366 U.S. 582, 591-92, 81 S.Ct. 1135, 1140, 6 L.Ed.2d 551 (1961). (Footnote omitted.) The legislature has wide discretion in creating statutory classifications, and there is a presumption in favor of validity. North Ridge General Hospital, Inc. v. City of Oakland Park, 374 So.2d 461 (Fla. 1979), appeal dismissed, 444 U.S. 1062, 100 S.Ct. 1001, 62 L.Ed.2d 774 (1980); Powell v. State, 345 So.2d 724 (Fla. 1977). Whether equal protection has been denied *1155 depends on whether a classification is reasonably expedient for the protection of the public safety, welfare, health, or morals. Rainey v. Nelson, 257 So.2d 538 (Fla. 1972). A classification based on a real difference which is reasonably related to the subject and purpose of the regulation will be upheld even if another classification or no classification might appear more reasonable. Finlayson v. Connor, 167 So.2d 569 (Fla. 1964).
To be constitutionally permissible, a classification must apply equally and uniformly to all persons within the class and bear a reasonable and just relationship to a legitimate state objective. Haber v. State, 396 So.2d 707 (Fla. 1981). We find that section 893.135 is neither arbitrary nor unreasonable and that its provisions apply equally to all persons similarly situated. There may, as appellees contend, be other drugs as hazardous as the ones included in section 893.135. The legislature, however, has recognized the widespread use and abuse of marijuana, cocaine, morphine, and opium as an area of special concern and has acted accordingly. We acknowledge the magnitude of trafficking in these four drugs that exists in this state, and we have no difficulty in ascertaining a rational basis for the legislature's actions in providing escalating mandatory minimum sentences regarding these substances.
We find that section 893.135 does not violate the equal protection clause and reaffirm the statute's constitutionality.[3] The trial court order is vacated.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, OVERTON, ENGLAND and ALDERMAN, JJ., concur.
NOTES
[1] Florida's newly enacted "drug trafficking" statute.
[2] Cannabis, § 893.135(1)(a), Fla. Stat.; cocaine, § 893.135(1)-(b), Fla. Stat.; and morphine and opium, § 893.135(1)(c), Fla. Stat.
[3] Due to our holding, we do not discuss appellees' arguments regarding severability.