405 So.2d 973 (1981)
STATE of Florida, Appellant,
v.
Robert James THEBEAU, Appellee.
STATE of Florida, Appellant,
v.
Howard Matthew BILFORD, Eduardo Garcell, George Luis Gonzales, Frank Vincent Dicamillo, Alberto Araujo, Luis Carlos Perez, and Jeffrey Eliot Howard, Appellees.
Nos. 57943, 57952.
Supreme Court of Florida.
November 5, 1981.
*974 Jim Smith, Atty. Gen. and Calvin L. Fox, Asst. Atty. Gen., Miami, for appellant.
Philip Carlton, Jr., Miami, for Thebeau.
William Cagney, Miami, for Bilford.
Eric B. Feldman of Robert A. Spiegel, P.A., Coral Gables, for Garcell.
Frederick Robbins, Miami, for Gonzales and Perez.
William Moran, Miami, for Dicamillo and Araujo.
Robert Josefsberg, Miami, for Howard.
OVERTON, Justice.
In State v. Benitez, 395 So.2d 514 (Fla. 1981), and State v. Werner, 402 So.2d 386 (Fla. 1981), we held constitutional section 893.135, Florida Statutes (1979), Florida's drug trafficking law. In addition to those arguments we found to be without merit in Benitez and Werner, appellees in the present consolidated appeals ask us to strike section 893.135 as unconstitutional on another ground. Appellees claim that their right to have a jury determine their guilt or innocence is infringed upon because the judge rather than a jury "may reduce or suspend the sentence if he finds that the defendant rendered such substantial assistance." We note that in most traditional sentencing proceedings in both federal and state courts, this discretionary authority is present in the trial judge, and not the jury, without specific statutory guidelines.
We find appellees' assertions totally without merit, and uphold the constitutional validity of section 893.135. The instant causes are remanded for further proceedings.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD, ALDERMAN and McDONALD, JJ., concur.