466 So.2d 1176 (1985)
Carmen Gloria ZARATE, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-398.
District Court of Appeal of Florida, Third District.
April 2, 1985.
Rehearing Denied May 1, 1985.
Bennett H. Brummer, Public Defender, and Evan Langbein, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Julie S. Thornton, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and NESBITT, JJ.
PER CURIAM.
The defendant Carmen Gloria Zarate appeals her judgment of conviction and fifteen-year sentence with no eligibility for parole. She claims that four errors were committed below which call for a reversal in this case. We do not agree and affirm.
First, the defendant claims reversible error was committed in the admission of evidence tending to show, through the defendant's own statements made to undercover police during the subject cocaine negotiations in this case, that the defendant was involved in drug trafficking generally. We conclude that the evidence was admissible as proper similar crimes evidence under Section 90.404(2)(a), Florida Statutes (1983); the defendant's statements made during the commission of the charged crimes were relevant to prove the defendant's criminal intent and knowledge in this case. See United States v. Edwards, 696 F.2d 1277, 1279-81 (11th Cir.), cert. denied, ___ U.S. ___, 103 S.Ct. 1884, 76 L.Ed.2d 813 (1983); United States v. Moreno-Nunez, 595 F.2d 1186, 1188 (9th Cir.1979); United States v. Catano, 553 F.2d 497, 499-500 (5th Cir.), cert. denied, 434 U.S. 865, 98 S.Ct. 199, 54 L.Ed.2d 140 (1977).
Second, the defendant claims error in the imposition of sentence charging that the fifteen-year, minimum mandatory sentence *1177 was excessively severe and constituted cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. She concedes that Section 893.135(2), Florida Statutes (1983), under which she was sentenced, is constitutionally valid on its face, State v. Kaufman, 430 So.2d 904 (Fla. 1983); State v. Thebeau, 405 So.2d 973 (Fla. 1981), cert. dismissed, 456 U.S. 920, 102 S.Ct. 1963, 72 L.Ed.2d 436 (1982); State v. Newman, 405 So.2d 971 (Fla. 1981); State v. Leicht, 402 So.2d 1153 (Fla. 1981), cert. denied, 455 U.S. 989, 102 S.Ct. 1611, 71 L.Ed.2d 848 (1982); State v. Werner, 402 So.2d 386 (Fla. 1981); State v. Yu, 400 So.2d 762 (Fla. 1981), cert. dismissed, 454 U.S. 1134, 102 S.Ct. 988, 71 L.Ed.2d 286 (1982); State v. Benitez, 395 So.2d 514 (Fla. 1981), but contends that the statute was unconstitutionally applied to her as she did not deserve such a severe sentence. Without engaging in a prolonged discussion of this issue, we are convinced that the sentence imposed does not exceed what admittedly are very broad Eighth Amendment limitations on the severity of the non-capital sentences. It is not, in our view, arbitrary, irrational or excessively vindictive for society to require a drug trafficker with no prior criminal record, as here, but who claims to be heavily involved in drug trafficking generally, to serve fifteen years in prison with no parole for her crime. Drug trafficking, after all, is a serious crime which has serious societal consequences. We therefore discern no violation of the defendant's Eighth Amendment rights against cruel and unusual punishment in these circumstances. See Carmona v. Ward, 576 F.2d 405 (2d Cir.1978), cert. denied, 439 U.S. 1091, 99 S.Ct. 874, 59 L.Ed.2d 58 (1979); McArthur v. State, 351 So.2d 972, 975-76 (Fla. 1977); Banks v. State, 342 So.2d 469, 470 (Fla. 1977); O'Donnell v. State, 326 So.2d 4, 5-6 (Fla. 1975).
Finally, the defendant claims error in the denial of her motion for severance and her motion to suppress. We have carefully examined these contentions and find no error was committed in either of these rulings. See McCray v. State, 416 So.2d 804, 806 (Fla. 1982); State v. Steffani, 398 So.2d 475 (Fla. 3d DCA 1981), aff'd, 419 So.2d 323 (Fla. 1982).
The final judgment of conviction and sentence appealed from is in all respects
Affirmed.