WOLF, Judge,
dissenting.
The sale of cocaine by the appellant less than one hour before his arrest constitutes overwhelming evidence of the defendant’s ability to form the intent necessary to support a conviction for possession of cocaine with intent to sell. The evidence in the instant case demonstrates that less than one hour prior to his arrest, the defendant had sufficient faculties to complete two sales of cocaine by cutting, sorting, and transferring the cocaine, as well as accepting the money for the transaction. See Zarate v. State, 466 So.2d 1176 (Fla. 3rd DCA 1985). Additionally, the cocaine that was seized was packaged in a manner which would also evidence the defendant’s intent to sell. K.M. v. State, 545 So.2d 464 (Fla. 3rd DCA 1989); United States v. Robinson, 870 F.2d 612 (11th Cir.1989).
In light of this evidence, there is no reasonable possibility that the failure to give the instruction contributed to appellant’s conviction. Tollefson v. State, 525 So.2d 957 (Fla. 1st DCA 1988). I, therefore, believe the state has met its burden under State v. DiGuilio, 491 So.2d 1129 (Fla.1986), and would find that the failure *32 to give the voluntary intoxication defense constituted harmless error.