588 So.2d 72 (1991)
STATE of Florida, Appellant,
v.
Leslie LAWTON, a/k/a Linzie Lawton, Appellee.
No. 91-0469.
District Court of Appeal of Florida, Fourth District.
November 6, 1991.
*73 Robert A. Butterworth, Atty. Gen., Tallahassee, and Melvina Racey Flaherty, Asst. Atty. Gen., West Palm Beach, for appellant.
No appearance for appellee.
PER CURIAM.
We reverse that portion of the trial court's sentencing order refusing to apply the provisions of section 322.055(1), Florida Statutes (1991). That section mandates suspension of an offender's driving privileges upon conviction of, among other offenses, possession of marijuana.
The trial court, apparently because of a ruling in an earlier case before it, ruled that the statute was "unconstitutional", and refused to apply it here. Appellee has filed no brief and the record reflects no discussion of, or basis for, the court's ruling. The state relies on general constitutional law principles favoring approval of legislative enactments such as section 322.055(1), as well as other states' support of such enactments. See, e.g., State v. Yu, 400 So.2d 762 (Fla. 1981), appeal dismissed, Wall v. Florida, 454 U.S. 1134, 102 S.Ct. 988, 71 L.Ed.2d 286 (1982); State v. Smith, 58 N.J. 202, 276 A.2d 369 (1971).
We reverse and remand with directions that the appellee be given an opportunity to withdraw from the plea agreement giving rise to the sentence involved herein. If the plea agreement and sentence stand, the sentence should be in accord with the provisions of section 322.055(1).
DOWNEY, ANSTEAD and POLEN, JJ., concur.