592 So.2d 1202 (1992)
STATE of Florida, Appellant,
v.
Terry LITE, Appellee.
No. 91-0271.
District Court of Appeal of Florida, Fourth District.
January 22, 1992.
Rehearing and Certification Denied February 28, 1992.
*1203 Robert A. Butterworth, Atty. Gen., Tallahassee, and James J. Carney, Asst. Atty. Gen., West Palm Beach, for appellant.
Richard L. Jorandby, Public Defender, and Robert Friedman, Asst. Public Defender, West Palm Beach, for appellee.
PER CURIAM.
Appellee, Terry Lite pled guilty to possession of cocaine in violation of section 893.03(2)(a)4, Florida Statutes (1990). Pursuant to section 322.055(1), Florida Statutes (Supp. 1990), appellee's license was required to be suspended for two years. During appellee's sentencing, the trial court refused to enforce section 322.055(1), finding it unconstitutional as violative of both substantive due process and equal protection under the Florida and Federal Constitutions. The court reasoned that the statute did not require the showing of a relationship between the statute's enumerated offenses and the use of a motor vehicle, and further, not all drug offenders were subject to the statute's license revocation sanction. See Art. I, §§ 2, 9 Fla. Const.
This court recently reversed a trial court's similar refusal to apply section 322.055(1) in State v. Lawton, 588 So.2d 72 (Fla. 4th DCA 1991). We take this opportunity to explicitly state that which is implicit in the result reached in Lawton. In so doing, we reaffirm our decision that section 322.055(1) is constitutional, and therefore reverse and remand for the trial court to enforce the provisions of the statute.
Section 322.055(1), provides in pertinent part:
upon the conviction of a person 18 years of age or older for possession or sale of, trafficking in, or conspiracy to possess, sell, or traffic in a controlled substance, the court shall direct the department to revoke the driver's license or driving privilege of the person. The period of such revocation shall be 2 years or until the person is evaluated for and, if deemed necessary by the evaluating agency, completes a drug treatment and rehabilitation program approved or regulated by the Department of Health and Rehabilitative Services. However, the court may, in its sound discretion, direct the department to issue a license for driving privileges restricted to business or employment purposes only, as defined by § 322.271, if the person is otherwise qualified for such license.
Because the right to drive is not a fundamental right, the test to be applied to determine if the statute violates due process is whether the statute bears a reasonable relationship to a permissible legislative objective and is not discriminatory, arbitrary, or oppressive. See Lasky v. State Farm Ins. Co., 296 So.2d 9 (Fla. 1974); Potts v. State, 526 So.2d 104 (Fla. 4th DCA 1987), approved, 526 So.2d 63 (Fla. 1988), cert. denied 488 U.S. 870, 109 S.Ct. 178, 102 L.Ed.2d 147 (1988). Here, *1204 the permissible legislative objective is to combat substance abuse and crime. See generally Ch. 87-243, Laws of Fla. Accordingly, the means employed  revoking drivers' licenses of those convicted of possession, sale, or trafficking in a controlled substance  is rationally related to that goal because such punishment will deter the incidence of illicit drug possession, sales, and trafficking, curtail the transportation of illegal drugs, and reduce the mobility of those involved in drugs. The fact that no relationship is required between a vehicle and the listed offenses does not render the statute constitutionally infirm since the requisite rational relationship exists between revoking the drivers' license and the legislative goal of combatting crime and substance abuse. See Potts v. State. As stated in State v. Yu, 400 So.2d 762, 765 (Fla. 1981), appeal dismissed, sub nom. Wall v. Florida, 454 U.S. 1134, 102 S.Ct. 988, 71 L.Ed.2d 286 (1982), the "legislature has broad discretion in determining necessary measures for the protection of the public health, safety and welfare, and we may not substitute our judgment for that of the legislature as to the wisdom or policy of the legislative act." Finally, the statute's two year period of license revocation is not unduly oppressive. Section 322.055(1) reads that the revocation period "shall be 2 years or until the person is evaluated for and, if deemed necessary by the evaluating agency, completes a drug treatment and rehabilitation program approved or regulated by the Department of Health and Rehabilitative Services." Furthermore, the court in its discretion may direct the Department of Motor Vehicles to issue a license for driving privileges restricted to business or employment purposes only. Id.
Equally without merit is the argument that the statute violates equal protection principles because it does not treat all drug offenders similarly. Pursuant to section 322.055(1), only those convicted of possession, sale or trafficking of controlled substances must have their licenses revoked. Once again, since there is no fundamental right to drive and the statute is not directed toward a suspect class, section 322.055 must be analyzed under a rational basis standard. See Florida High School Activities Ass'n v. Thomas, 434 So.2d 306, 308 (Fla. 1983); Wells v. Malloy, 402 F. Supp. 856, 858 (D.Vt. 1975), affirmed, 538 F.2d 317 (2d Cir.1976). To meet the rational basis standard it must be conceivable that the statutory classification complained of bears some rational relationship to a legitimate state purpose. See Id.; see also Gluesenkamp v. State, 391 So.2d 192, 200 (Fla. 1980), cert. denied, 454 U.S. 818, 102 S.Ct. 98, 70 L.Ed.2d 88 (1981). Additionally, the legislature has wide discretion in creating statutory classifications, and there is a presumption in favor of validity. See State v. Leicht, 402 So.2d 1153, 1154 (Fla. 1981), cert. denied 455 U.S. 989, 102 S.Ct. 1611, 71 L.Ed.2d 848 (1982). Moreover, equal protection is not violated where a permissible classification includes one, but not others who might have been included in the broader classifications, as long as those within the legally formed class are accorded equal treatment under the law creating the classification. See State v. White, 194 So.2d 601, 603 (Fla. 1967); Loxahatchee River Envtl. Control Dist. v. School Board, 496 So.2d 930, 938 (Fla. 4th DCA 1986), approved, 515 So.2d 217 (1987) (statutorily created classification need not be perfect, nor must legislature, in interest of equal protection, either solve all facets of a problem at once or leave problem wholly unresolved).
Applying these principles to the instant case, section 322.055(1) does not violate equal protection even though it does not encompass all drug offenders. Consequently, we reaffirm our view that section 322.055(1) is constitutional and reverse and remand for the trial court to enforce the statute.
WARNER, POLEN and GARRETT, JJ., concur.