596 So.2d 1237 (1992)
The STATE of Florida, Appellant,
v.
Frolian Alonso GARCIA, et al., Appellees.
No. 91-226.
District Court of Appeal of Florida, Third District.
April 14, 1992.
*1238 Robert A. Butterworth, Atty. Gen., and Patricia Ann Ash, Asst. Atty. Gen., for appellant.
Bennett H. Brummer, Public Defender, and Louis Campbell, Asst. Public Defender, and Jeffrey P. Raffle, Sp. Asst. Public Defender, for appellees.
Before LEVY, GERSTEN and GODERICH, JJ.
LEVY, Judge.
The State correctly argues that the trial court erred in reducing the defendants' charges from trafficking to simple possession of cocaine pursuant to defendants' motions to dismiss. Accordingly, we reverse the decision of the trial court reducing the charges brought against the defendants. The facts of the case are as follows.
Froilan Alonso Garcia and Braulio Castillo, the defendants, were charged with two counts of trafficking in cocaine. The information alleged that the defendants violated Section 893.135(1)(b), Florida Statutes (1989), in that they were knowingly in actual or constructive possession of 400 grams or more of cocaine, or a mixture containing cocaine.[1] Both defendants filed a sworn Motion to Dismiss. At the motion hearing, the State's chemist who had examined the two kilo-sized packages in the defendants' possession, stated that he had taken two samples from each package. The sample taken from the window, or opening, of each package tested positive for cocaine. The sample taken from the interior portion of the packages tested negative for cocaine. The chemist stated that the two substances were not separated by any physical barrier within the packages. The State argued that these packages were "mixtures containing cocaine" as proscribed by Section 893.135(1)(b). The defendants argued that the State could not rely on the total weight to prove a trafficking amount because only a portion of the material tested positive for cocaine. The trial court then granted the defendants' motions to dismiss and reduced the charges to simple possession of cocaine.
We note that the Florida Supreme Court, in upholding the constitutionality of Section 893.135(1)(b), recognized that cocaine is generally marketed in a diluted or impure state, and concluded that the intent of the statute was to classify offenders based upon the total amount of the substance containing the cocaine  not by the amount of the pure cocaine itself. State v. Yu, 400 So.2d 762 (Fla. 1981).[2] Similarly, this Court in the case of Velunza v. State, 504 So.2d 780 (Fla. 3d DCA 1987), focused upon the *1239 weight of the mixed substance of cocaine, and affirmed the defendant's conviction under Section 893.135(1)(b), for possession of 400 grams or more of a mixture containing cocaine.
We have also focused our analysis upon the total weight of the material that the defendants placed in the packages, and have concluded that the trial court erred in reducing the charges against the defendants based upon their sworn motions to dismiss. Both packages tested positive for cocaine and both packages exceeded the 400 gram weight. The materials that the defendants chose to combine together in the same package were both encapsulated together within the same physical container, without any separating barrier. The critical factor in determining the defendants' guilt is that they knowingly placed the illegal substance in the packages. The degree of mixing or blending which took place thereafter is irrelevant. Certainly, the guilt of the defendants is not to be determined by whether or not they shook up the packages (thereby completing the blending process) before they were arrested.
Accordingly, we reverse the trial court's reduction of the charges, as well as the proceedings that followed thereafter, and remand for further proceedings consistent herewith.
Reversed.
NOTES
[1] Section 893.135(1)(b), Florida Statutes (1989) (emphasis added), states that:

Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine as described in s. 893.03(2)(a)4, or any mixture containing cocaine is guilty of a felony of the first degree, which felony shall be known as "trafficking in cocaine."
[2] The Court noted:

The legislature reasonably could have concluded that a mixture containing cocaine could be distributed to a greater number of people than the same amount of undiluted cocaine and thus could pose a greater potential for harm to the public. This was within its prerogative to decide, and it has not been shown that such decision was irrational or unreasonable.
State v. Yu, 400 So.2d at 765.