PER CURIAM.
The defendant, Daniel Sanchez, appeals his conviction and sentence for trafficking in cocaine. We affirm.
During the early morning, two police officers responded to a call and observed a red Nissan Pathfinder pulling out of a beachfront lot. One officer blocked the Pathfinder’s path and the other pulled up next to the passenger door of the Pathfinder. At this time, a white male exited from the passenger door and started running towards the beach. Officer Mason identified himself as a police officer and told the suspect to stop, but after chasing him for a while, lost him. At the same time, Sergeant Neiman was chasing the driver of the vehicle. The driver also disappeared. The officers returned to the Pathfinder and found six or seven burlap bags and a zippered duffle bag which appeared to contain contraband. Canine units were called in and a few hours later they found a male hiding nearby. Officer Mason identified this male as the individual that ran from the passenger side of the Pathfinder.
The defendant was originally charged with trafficking in 400 or more grams of cocaine. Subsequently, the information was amended to charge him with being in actual or constructive possession of and/or aiding in the delivery of more than 150 kilograms of cocaine. Prior to trial, the defendant moved to suppress the evidence seized and the post-arrest admission. The trial court denied these motions. The defendant also sought to declare section 893.135(l)(b)(2), Florida Statutes (1991), unconstitutional. The trial court reserved ruling on that motion until after trial.
Diana Chiong, a Metro-Dade forensic chemist, testified that she analyzed the cocaine and found that the contraband seized contained 170.6 kilos of pure cocaine. The trial court denied the defendant’s motion for judgment of acquittal, ruling that the introduction of a representative sample of eight kilograms was sufficient.
The jury found the defendant guilty of trafficking in excess of 150 kilograms of cocaine. Then, prior to sentencing, the trial court heard arguments on the constitutionality motion and denied the defendant’s motion to dismiss on those grounds. The defendant was then sentenced to life imprisonment *189 without the possibility of parole. The defendant appealed.
The defendant contends that the trial court erred in denying his motion for acquittal on the charge of trafficking in excess of 150 kilograms of cocaine where the state only introduced into actual evidence eight kilograms of alleged cocaine. We disagree.
The defendant’s argument is a misrepresentation of the record. The record reveals that the state introduced the 170.6 kilograms of cocaine into evidence through a combination of representative samples, testimony, and photographs pursuant to the trial court’s rulings and the stipulations of defense counsel. The state was ready and able to introduce all of the cocaine analyzed, but it was defense counsel who sought a stipulation to expedite matters. The defendant cannot now complain.
The defendant also contends that the trial court erred in failing to declare section 893.-135(l)(b)(2) unconstitutional where its penalty provisions are unconstitutionally vague and otherwise violative of equal protection, due process, and cruel or unusual punishment prohibitions. We disagree.
As to the issue of cruel and unusual punishment, numerous courts have found that the mandatory minimum sentences provided for in the drug trafficking statute do not violate the state and federal constitutional ban on cruel and unusual punishments. See Harmelin v. Michigan, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991); McCullough v. Singletary, 967 F.2d 530 (11th Cir.1992), cert. denied, — U.S. —, 113 S.Ct. 1423, 122 L.Ed.2d 792 (1993); Hale v. State, 630 So.2d 521 (Fla.1993); State v. Benitez, 395 So.2d 514 (Fla.1981); Bloodworth v. State, 504 So.2d 495 (Fla. 1st DCA 1987); Morgan v. Brescher, 466 So.2d 1218 (Fla. 4th DCA), rev. denied, 476 So.2d 674 (Fla.1985). Accordingly, we find that section 893.135 does not violate the ban on cruel and unusual punishments.
As to the equal protection argument alleging that the classifications upon which mandatory minimum sentences are imposed are arbitrary, it is well-settled law that the legislature has wide discretion in creating statutory classifications and that these classifications are presumed valid. State v. Leicht, 402 So.2d 1153 (Fla.1981), cert. denied, 455 U.S. 989, 102 S.Ct. 1611, 71 L.Ed.2d 848 (1982); State v. Yu, 400 So.2d 762 (Fla.1981), appeal dismissed sub nom. Wall v. Florida, 454 U.S. 1134, 102 S.Ct. 988, 71 L.Ed.2d 286 (1982); State v. Lite, 592 So.2d 1202 (Fla. 4th DCA 1992), decision approved, 617 So.2d 1058 (Fla.1993); Bloodworth v. State, 504 So.2d 495 (Fla. 1st DCA 1987). The classification set out in section 893.135 applies equally and uniformly to all persons within the class and bears a reasonable and just relationship to the legitimate state objective of protecting the public health, safety, and welfare. Leicht, 402 So.2d at 1153; Lite, 592 So.2d at 1202. Accordingly, we find that section 893.135 does not violate the equal protection clause.
In summary, the trial court properly denied the defendant’s request to declare section 893.135 unconstitutional where the defendant raises no new constitutional arguments which have not been repeatedly rejected. Since the defendant’s constitutional challenges to his mandatory minimum sentence have been addressed and rejected by the courts, his sentence must be upheld. Finding that the defendant’s remaining points on appeal lack merit, we hereby affirm the defendant’s conviction and sentence for trafficking in cocaine.