WHATLEY, Judge.
Jorge Calvo appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Calvo was convicted of trafficking in more than 150 grams but less than 150 kilograms of cocaine and was sentenced to fifteen years in prison. Calvo alleges that his counsel was ineffective in numerous ways. We affirm without comment as to all of Calvo’s claims except one.
Calvo argues that counsel was ineffective in failing to argue that there was insufficient evidence as a matter of law to establish that he was guilty of trafficking in cocaine. It appears that Calvo was arrested as a result of a sting operation in which a confidential informant arranged for Calvo and a codefendant to sell a kilogram of cocaine to an undercover officer. Calvo alleges that the kilogram contained approximately 995 grams of various legal substances resembling cocaine and approximately three to four grams of cocaine. Significantly, he alleges that the three to four grams of cocaine were completely isolated and separated by rubber packing material from the remaining substances. Apparently, only the isolated three to four grams of cocaine were tested to establish that they contained cocaine.
If Calvo’s allegations are true, counsel was ineffective in failing to argue for a judgment of acquittal on the basis that the State did not prove that Calvo had the requisite amount of cocaine to support a trafficking conviction. See Safford v. State, 708 So.2d 676 (Fla. 2d DCA 1998) (holding that where powder cocaine is separately packaged the State must prove that each package contained cocaine before the contents of that package may be considered in establishing the requisite weight for trafficking); Ross v. State, 528 So.2d 1237 (Fla. 3d DCA 1988) (the same). Cf. State v. Garcia, 596 So.2d 1237 (Fla. 3d DCA 1992) (holding that the State could rely on the total weight of a package to establish a trafficking quantity where a sample from one area of the bag tested positive and a sample from another area tested negative but where the two substances were not separated by any physical barrier within the bag). The trial court did not specifically address this claim.
We therefore reverse and remand for further proceedings. If the trial court again summarily denies this claim, it must attach record documents conclusively demonstrating either that the three to four grams of cocaine were not physically separated from the remaining 995 grams or that the 995 grams tested positive for the presence of cocaine.
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and GREEN, J., Concur.