**UNITED STATES of America,
Plaintiff,**

v.

**James HIMICK, Defendant.**

**No. 03–20674–CR–MOORE.**

United States District Court,
S.D. Florida,
Miami Division.

Oct. 4, 2004.

---

Benjamin Greenberg, Assistant United States Attorney, Jonathan E. Lopez, Assistant United States Attorney, United States Attorneys Office, Miami, FL, for Plaintiff.

David Alschuler, Esq., Miami, FL, Marissa Mendez, Esq., Coral Gables, FL, for Defendant.

## *ORDER*

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court *sua sponte.* On September 14, 2004, this Court sentenced Defendant, James Himick, to 151 months imprisonment for distributing MDMA, commonly referred to as "Ecstasy," in violation of 21 U.S.C. § 841(a)(1). This Order explains the Court's application of the U.S. Sentencing Guidelines Manual ("U.S.S.G.") in this case.

## I. BACKGROUND

On August 14, 2003, a Federal Grand Jury sitting in Miami, Florida, indicted James Himick, charging him with two felony counts of distributing Ecstasy, in violation of Title 21 U.S.C. § 841.

On December 1, 2003, pursuant to a plea agreement with the Government, Himick pled guilty to Count Two of the two count indictment. During the plea hearing, Himick was advised by the Court that he faced a maximum possible penalty of 30

years in jail,[1] that his sentence might be different from any estimate his attorney might have given him, and that the Court would not be able to determine the guideline sentence for Himick until after a presentence investigation report ("PSI") was completed. Himick acknowledged that he understood what he was being told. An Assistant United States Attorney thereafter proffered the evidence the Government would present if the case were to go to trial. This evidence included a description of two sales of Ecstasy to a drug enforcement undercover agent on June 29 and August 10, 2003. At the conclusion of the proffer, the Court asked Himick whether the Government's proffer was correct, and Himick acknowledged that it was. The Court accepted the guilty plea, ordered a PSI, and set the case for sentencing.

On February 13, 2004, Himick's attorney filed an unopposed motion to permit Himick to withdraw his guilty plea, because " ... at no time prior to the Defendant's entry of the plea did undersigned counsel recognize that the Defendant might qualify as a career offender and thus never discussed that possibility with the Defendant prior to the entry of the plea." Motion to Withdraw Guilty Plea ¶ 7. Himick sought to withdraw his guilty plea under Fed. R.Crim.P. 11(d)(2)(B), which authorizes a defendant to withdraw a plea of guilty after the court accepts the plea but before it imposes sentence, where it is "fair and just."[2] As part of the unopposed motion, the parties agreed that Himick would, upon withdrawal of the guilty plea, plead guilty to a misdemeanor for simple possession of Ecstasy, and that the Government would file a notice of enhancement, which would subject Himick to a maximum of three years imprisonment.

Himick's Motion to Withdraw his Guilty Plea arose following the preparation of the PSI, which determined that Himick was a career offender, and as such, had a total offense level of 29 and a criminal history category of VI, resulting in a guideline imprisonment range of 151–188 months. According to the PSI, Himick's criminal history began in 1998 at age 14. In the six years leading up to his federal arrest, Himick had at least fifteen arrests on multiple charges including trespass, petit larceny, petit theft, grand theft (five times), burglary, loitering and prowling (twice), sale or possession of marijuana (seven times), possession of cocaine, sale of Ecstasy, resisting an officer without violence and possession of fraudulent identification. Himick was twice adjudicated a delinquent. On seven of his arrests, adjudication was withheld. In all, Himick served a total of 47 days imprisonment on his various state charges. Himick was finally arrested on the current federal charges on October 8, 2003.

The PSI prepared by the United States Probation Office recommended that Himick be sentenced as a career offender pursuant to U.S.S.G. § 4B1.1(a). Himick was at least 18 years old at the time of the instant offense, the instant offense was a felony controlled substance offense, and Himick had at least two prior felony convictions that are controlled substance offenses. Himick was previously convicted of sale or possession with intent to deliver

---

1. The plea agreement erroneously states that the maximum term of imprisonment is 30 years. However, the Government has not filed for any enhancement under 21 U.S.C. § 851. Therefore, pursuant to 21 U.S.C. § 841(b)(1)(C), the maximum term of imprisonment for this offense is 20 years.

2. On April 29, 2004, this Court entered an Order denying Himick's Motion to Withdraw His Guilty Plea. The Court determined that Himick had entered into his plea knowingly and voluntarily, with close assistance of counsel, and that he had failed to show a fair and just reason for requesting a withdrawal of his plea.

cannabis in Florida state case number F02–15713, and sale or delivery of a controlled substance in Florida state case number F03–11071, both in Miami–Dade County, Florida. Although Himick's base offense level was determined to be a 12, because of the chapter 4 career criminal enhancements, Himick's offense level was raised to a 32. Pursuant to U.S.S.G. § 3E1.1, the PSI provided a three-level decrease in Himick's offense level for acceptance of responsibility, resulting in a total offense level of 29. Finally, as a career offender under U.S.S.G. § 4B1.1(b), the PSI placed Himick in criminal history category VI, the highest available. Based on Himick's total offense level and criminal history score, the Guidelines called for a sentence of 151 to 188 months.

On April 8, 2004, Defendant filed Supplemental Objections to a revised PSI ("Revised PSI"). The objections stated that on March 19, 2004, upon a motion to vacate the judgments and sentences imposed in cases F02–15713 and F03–11071, Miami–Dade County Circuit Court Judge Diane Ward vacated two convictions that had served as predicate convictions for Himick's federal "career offender status." *See* March 19, 2004 State Ct. Hr'g Tr.; *see also* March 25, 2004 State Ct. Order. During the hearing on the motion, Judge Ward was told by the Assistant State Attorney that he had spoken to Himick's two prior state court defense attorneys. Based on those conversations, the Assistant State Attorney was prepared to stipulate to the motion to vacate based on ineffective assistance of counsel. According to the transcript, neither of Himick's former defense attorneys testified, nor was an evidentiary hearing conducted. Judge Ward's "Agreed Order Granting Defendant's Motion for Post Conviction Relief" states that the motion to vacate was granted "based on an agreement by the prosecutor."

On April 9, 2004, the United States Probation Office issued a Second Addendum to the PSI. The Second Addendum noted that pursuant to application Note 6 of U.S.S.G. § 4A1.2, sentences resulting from convictions that have been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or ruled constitutionally invalid in a prior case, should not be counted. Because the legal effect of Himick's two vacated sentences had not yet been determined by this Court, the Second Addendum noted that should the Court decide not to count the two prior vacated sentences in Himick's criminal history score, the criminal conduct underlying the two prior vacated sentences may be considered for an upward departure pursuant to U.S.S.G. § 4A1.3.

Accordingly, during an April 15, 2004 sentencing hearing, this Court indicated that in the event the Court were to conclude that Himick was no longer determined to be a "career criminal," the Court would nevertheless determine whether, in light of Himick's criminal history, a sentence outside the otherwise applicable guideline range should be imposed. The sentencing hearing was continued to provide Himick's counsel an opportunity to file any objections to an upward departure.

This Court sentenced Himick on September 14, 2004. As explained *infra*, this Court determined that Judge Ward's decision to vacate the state court convictions did not affect Himick's status as a career offender. Further, as ordered during the sentencing hearing and explained in a separate written order, this Court denied Defendant's motion for a downward departure. Accordingly, Himick was sentenced by this Court to 151 months imprisonment (the bottom of the otherwise applicable guideline range), based on his total offense

level of 12 and his criminal history category VI.

## II. CAREER OFFENDER

In his Supplemental Objections to the Revised PSI, Himick's counsel objects to portion of the Revised PSI wherein Himick is classified as a career offender. Himick's counsel argues that the prior sentences imposed in the state cases, docket numbers F02–15713 and F03–11071, should not count for purposes of an enhanced offense level pursuant to U.S.S.G. § 4B1.1(b), or for criminal history calculation purposes pursuant to U.S.S.G. § 4A1.1. Himick's counsel objects to the portion of the Revised PSI that finds Himick's criminal history category to be VI, and to Himick's guideline imprisonment range, both of which are based upon Himick's status as a career offender pursuant to U.S.S.G. § 4B1.1(b). *See* Defendant's Supp. Obj. to Revised PSI. Defendant's Counsel argues that pursuant to Application Note 6 of U.S.S.G. § 4A1.2, Himick's convictions in F01–33731B and F03–11071 should not be counted. *Id.* at 6.

To be considered a career offender under the Guidelines: (1) the defendant must have been at least 18 years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is a controlled substance offense; and (3) the defendant must have at least two prior felony convictions of a controlled substance offense. U.S.S.G. § 4B1.1(a). This Court must determine whether Himick's two vacated state court convictions should be counted, thereby qualifying him as a career offender. This Court is guided by Application Notes 6 and 10 of U.S.S.G. § 4A1.2.

### A. Application Note 6, U.S.S.G. § 4A1.2

■ Pursuant to application Note 6 of U.S.S.G. § 4A1.2, sentences resulting from convictions that have been (1) reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or (2) ruled constitutionally invalid in a prior case, should not be counted for purposes of determining whether a defendant is a career offender. Here, there is no error of law in conjunction with the plea and sentencing of Himick in the two prior state cases, nor was there any evidence discovered which could exonerate Himick in those cases. In fact, in the transcript of hearing before Judge Ward, the Assistant State Attorney stated that it was his understanding that Himick would return to state court and "... take a plea in this case once the federal sentence was taken care of." *See* March 19, 2004 State Ct. Hr'g Tr. at 5.

The issue of whether these vacated state court sentences should be counted pivots on whether the sentences resulted from convictions that have been ruled constitutionally invalid. The motion to vacate judgment and sentence was granted based on an agreement with the State. *See* Agreed Order Granting Defendant's Motion for Post Conviction Relief (stating that the motion to vacate was granted "based on an agreement by the prosecutor"). Himick's counsel claims that the motion to vacate was granted based on ineffective assistance of counsel. However, in the transcript of the hearing before Judge Ward, the Assistant State Attorney admitted that one of Himick's former attorneys did not even recall the case. Further, neither of Himick's former attorneys testified under oath, nor was an evidentiary hearing conducted. Considering the transcript of the hearing before Judge Ward, together with the written order vacating the sentence, it is clear that Judge Ward made no specific finding or ruling determining that the vacated sentences in question were constitutionally invalid.

Therefore, because Himick's state convictions were not vacated due to error of law, subsequently discovered evidence exonerating Himick, or constitutional invalidity, this Court will count the two vacated state court convictions towards Himick's criminal history score.

## B. Application Note 10, U.S.S.G. § 4A1.2

■ As explained *supra*, Application Note 6 does not preclude this Court from counting Himick's vacated state court convictions for purposes of determining whether he is a career offender. Additionally, the Guidelines specifically direct that convictions set aside "for reasons unrelated to innocence or errors of law" are to be counted. U.S.S.G. § 4A1.2, Application Note 10. Himick's state court convictions were not set aside due to Himick's innocence. The Assistant State Attorney stated that it was his understanding that Himick would return to state court and "... take a plea in this case once the federal sentence was taken care of." March 19, 2004 State Ct. Hr'g Tr. Accordingly, the State reinstated the charges against Himick following Judge Ward's decision to vacate the convictions. During the September 14, 2004 sentencing hearing before the undersigned, Himick's counsel represented to this Court that the state cases were still pending, and that both have been continued until December 13, 2004, for a status conference for the trial period beginning December 20, 2004. September 14, 2004 Hr'g Tr. at 3. Further, there is nothing in the record to indicate that Himick's state court convictions were vacated for errors of law. Himick's convictions were set aside due to an agreement with the prosecutor, which is clearly a reason other than innocence or error of law.

The Eleventh Circuit's opinion in *Castillo v. United States* supports this Court's decision to count Himick's vacated state court convictions for purposes of deciding whether Himick qualifies as a career offender. In *Castillo*, the Eleventh Circuit held that because the defendant's previous conviction was reversed in a ruling that was adverse to him, and he had admitted that he was guilty of the conduct underlying the charges, his criminal history points should not be recalculated. 200 F.3d 735, 738 (11th Cir.), cert. denied 531 U.S. 845, 121 S.Ct. 114, 148 L.Ed.2d 70 (2000). In that case, Castillo argued that his criminal history points should be recalculated because four of his six points were a result of a Florida state conviction that was reversed and subsequently *nolle prossed.* *Id.* at 737. Castillo argued that Application Note 6 directs that sentences that result from convictions that have been reversed, vacated, or ruled constitutionally invalid are not to be counted, therefore his reversed conviction should not count. But the Eleventh Circuit, relying on Application Note 10 of U.S.S.G. § 4A1.2, which directs that convictions set aside "for reasons unrelated to innocence or errors of law" are to be counted, held that Castillo's reversed conviction should be counted. *Id.*

Castillo was originally charged in state court with two counts of trafficking in cocaine, but a pretrial motion to dismiss was granted, and the charges were reduced to simple possession. *Id.* at 737 n. 3. Castillo subsequently pled nolo contendre to the two possession charges. *Id.* On appeal, the Florida appellate court found that the trial court's ruling on the motion to dismiss was in error, and reversed "the trial court's reduction of the charges, as well as the proceedings that followed thereafter, and remanded for further proceedings." *Id.* (quoting *State v. Garcia,* 596 So.2d 1237, 1239 (Fla. 5th DCA 1992)). The trafficking charges against Castillo were then reinstated, but subsequently *nolle prossed.*

The Eleventh Circuit concluded that Castillo's state court convictions were not set aside for innocence, and noted that the state court reinstated more serious charges against Castillo. *Id.* at 737. The state's decision not to try Castillo on the reinstated charges was irrelevant. *Id.* at 738. Because he pled nolo contendere to the possession charges, the district court could properly consider the conduct underlying those charges in determining Castillo's criminal history score. Ultimately, because Castillo's previous conviction was reversed in a ruling adverse to him and Castillo admitted that he was guilty of the conduct underlying those charges, Castillo's criminal history points should not be recalculated. *Id.*

Similar to Castillo, Himick argues that based on Application Note 6 of U.S.S.G. § 4A1.2, his vacated state court convictions should not count. However, based on the Eleventh Circuit's ruling in *Castillo*, this Court finds that Application Note 10 of U.S.S.G. § 4A1.2 directs that Himick's state court convictions must be counted towards his criminal history score. Although Judge Ward's ruling may not be as blatantly adverse to Himick, the ruling is distinguishable from the Ninth Circuit's decision in *United States v. Guthrie*, 931 F.2d 564 (9th Cir.1991), in which the defendant's sentence was vacated in a decision that was favorable to him. In *Guthrie*, although there was no specific finding of constitutional invalidity, the conviction was vacated and the charges against Guthrie were dismissed. *Id.* at 571. Here, Judge Ward's ruling was not favorable to Himick. The ruling was premised on the understanding of the Assistant State Attorney, and of Judge Ward, that the charges against Himick would be reinstated, and that Himick would take a plea in those cases. Unlike in *Castillo*, where the state case was *nolle prossed*, the state cases against Himick are still pending. Further, Himick has admitted that he is guilty of the conduct underlying those charges.

█ Based on the foregoing, and because (1) Himick was 19 years old at the time he committed the instant offense; (2) the instant offense, distributing Ecstacy in violation of 21 U.S.C. § 841(a)(1), is a controlled substance offense; and (3) he has two prior felony convictions for (a) sale or possession of cannabis (docket number F02–15713) and (b) sale or delivery of a controlled substance (docket number F03–11071), both of which are controlled substance offenses, Himick qualifies as a career offender. In light of this Court's conclusion that Himick qualifies as a career offender, the undersigned finds it unnecessary at this time to consider whether a horizontal upward departure, based on the criminal conduct underlying Himick's two vacated state convictions, would be appropriate.

## III. CONCLUSION

Based on the foregoing discussion, it is

ORDERED AND ADJUDGED that Defendant James Himick is sentenced as a career offender, based on a total offense level of 29 and a criminal history category IV. *See* Judgment in a Criminal Case (DE # 57).