MONACO, C.J.
The appellant, Joshua Van Ens, appeals the trial court’s denial of his motion to dismiss a charge of trafficking in more than 28 grams of hydrocodone, in violation of section 893.135(6) and (7), Florida Statutes (2009). He asserts that the minimum mandatory sentencing scheme associated with this crime violates the equal protection clauses of the United States and Florida Constitutions as applied to him, a trafficker of Lorcet, a hydrocodone tablet. He contends that the statutory requirement that the aggregate weight of the Lorcet tablets be used to determine his sentence is unconstitutional because other brands of hydrocodone tablets weigh less than Lor-cet tablets by virtue of the fact that lesser amounts of analgesics are contained in other brands of tablets that contain hydroco-done, thereby subjecting him to a harsher sentence than those who traffic those other brands. While we reject the constitutional argument made by Mr. Van Ens, we do recognize that there is some sense to his position.
Section 893.135(6) and (7), Florida Statutes sets forth:
(6) A mixture, as defined in s. 893.02, containing any controlled substance described in this section includes, but is not limited to, a solution or a dosage unit, including but not limited to, a pill or tablet, containing a controlled substance. For the purpose of clarifying legislative intent regarding the weighing of a mixture containing a controlled substance described in this section, the weight of the controlled substance is the total weight of the mixture, including the controlled substance and any other substance in the mixture. If there is more than one mixture containing the same controlled substance, the weight of the controlled substance is calculated by aggregating the total weight of each mixture.
(7) For the purpose of further clarifying legislative intent, the Legislature finds that the opinion in Hayes v. State, 750 So.2d 1 (Fla.1999) does not correctly construe legislative intent. The Legislature finds that the opinions in State v. Hayes, 720 So.2d 1095 (Fla. 4th DCA 1998) and State v. Baxley, 684 So.2d 831 (Fla. 5th DCA 1996) correctly construe legislative intent.
(Emphasis added).
Section 893.135(l)(c)l., Florida Statutes (2009), which supplies the punishment calculus for the commission of these crimes, reads as follows:
c) 1. Any person who knowingly sells, purchases, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 4 grams or more of any morphine, opi *999 um, oxycodone, hydroeodone, hydromor-phone, or any salt, derivative, isomer, or salt of an isomer thereof, including heroin, as described in s. 893.03(l)(b), (2)(a), (3)(c) 3., or (3)(c)4., or 4 grams or more of any mixture containing any such substance, but less than 30 kilograms of such substance or mixture, commits a felony of the first degree, which felony shall be known as “trafficking in illegal drugs,” punishable as provided in s. 775.082, s. 775.083, or s. 775.084. If the quantity involved:
a. Is 4 grams or more, but less than 14 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 3 years, and the defendant shall be ordered to pay a fine of $50,000.
b. Is 14 grams or more, but less than 28 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 years, and the defendant shall be ordered to pay a fine of $100,000.
c. Is 28 grams or more, but less than 30 kilograms, such person shall be sentenced to a mandatory minimum term of imprisonment of 25 calendar years and pay a fine of $500,000.
Mr. Van Ens was apprehended and charged with trafficking in more than 28 grams of hydroeodone, possession of Al-prazolam, and possession of cocaine. He pleaded no contest to trafficking in hydro-codone and possession of Alprazolam, reserving his right to appeal the trial court’s denial of his motion to dismiss the trafficking in hydroeodone charge.
At the hearing on the motion to dismiss a pharmacist testified that while all Lorcet tablets weigh 660 milligrams, only five or ten milligrams of the 660 milligrams are hydroeodone. The remainder of the 650 or 655 milligrams consists of acetaminophen, an over-the-counter analgesic packaged with the hydroeodone in an attempt to reduce the side effects of the controlled narcotic. The pharmacist then compared Lorcet with other products that contain hydroeodone. For example, a Norco tablet that contains 10 milligrams of hydroco-done is combined with only 315 milligrams of acetaminophen, for a total tablet weight of 325 milligrams. Thus, while a Norco tablet and a Lorcet tablet can have the same amount of hydroeodone, the overall weight of each is different because of the amount of acetaminophen contained in each tablet. Accordingly, it would require twice as many lOmg Norco tablets to equal the gross weight of lOmg Lorcet tablets. Similarly, Vicoprofen tablets contain 7.5 milligrams of hydroeodone in a 200 milligram tablet made up of mostly ibuprofen, and a generic hydrocodone/ibuprofen tablet containing lOmg of hydroeodone might weigh less than a third of a Lorcet tablet. In other words, it would take three times as many of the generic tablets to equal the same overall weight as Lorcet tablets. Therefore, while one tablet of Lorcet weighing 660 milligrams is the same overall weight of three tablets of the generic, there is obviously more hydroeodone in the three smaller tablets that weigh the same as one Lorcet tablet.
Mr. Van Ens argues that the mandatory minimum sentencing scheme of section 893.135(l)(c)l.c, which focuses on the gross weight of the tablets, rather than the quantity of hydroeodone within the tablets, violates due process and his right to equal protection because it is not applied equally and uniformly to other persons within the same class and bears no reasonable and just relationship to a legitimate state objective. We disagree with this position because we conclude that there was a rational basis for the legislature to adopt this sentencing schedule. The legislature has recognized the widespread use and abuse of hydroeodone as an area of special con *1000 cern and has acted accordingly. See Fla. S. Comm. on Crim. Just., CS for SB 231 (2001) Staff Analysis (March 7, 2001); see also United States v. Crowell, 9 F.3d 1452 (9th Cir.1993), cert. denied, 513 U.S. 845, 115 S.Ct. 138, 130 L.Ed.2d 79 (1994); United States v. Young, 992 F.2d 207, 209-10 (8th Cir.1993); State v. Leicht, 402 So.2d 1153 (Fla.1981), cert. denied, 455 U.S. 989, 102 S.Ct. 1611, 71 L.Ed.2d 848 (1982); State v. Yu, 400 So.2d 762 (Fla.1981); State v. Baxley, 684 So.2d 831 (Fla. 5th DCA 1996), review denied, 694 So.2d 737 (Fla.1997). Moreover, the statute applies equally and uniformly to all persons within the class and bears a reasonable relationship to the legitimate state objective of controlling the abuse of hydroco-done. The appellant presumably knew the rules and chose to .traffic in a form of hydrocodone that weighed more than other forms. We do not think the punishment he received based on his personal choice of trafficking in a particular drug delivery system rises to constitutional proportion. We, therefore, find no legal fault with the fact that the legislature chose to punish this offense based on the gross weight of the tablets containing the substance intended to be controlled.
Nevertheless, we note that the federal government amended its sentencing guidelines in 2003 to modify the way in which oxycodone is measured for federal sentencing purposes. See U.S.S.G. App. C, Vol. II, Amend. 657; United States v. Muza, 232 Fed.Appx. 934 (11th Cir.2007) (unpublished), cert. denied, 552 U.S. 968, 128 S.Ct. 422, 169 L.Ed.2d 296 (2007). The amendment directed the courts to use the actual weight of the oxycodone contained within the tablet for sentencing purposes. Id. The reason for the amendment was to deal with “proportionality issues in the sentencing of oxycodone offenses.” See id. Essentially the same issue that we address today. While certainly not dispositive of the issue before us, it does suggest that our Florida Legislature may wish to reexamine its sentencing scheme created to deal with hydrocodone and similar drugs.
We affirm the judgment and sentence in all respects.
AFFIRMED.
GRIFFIN and ORFINGER, JJ., concur.