382 So.2d 299 (1980)
Scott LeBLANC, Appellant,
v.
STATE of Florida, Appellee.
No. 56064.
Supreme Court of Florida.
March 27, 1980.
*300 Davis G. Anderson, Jr., Tampa, for appellant.
Jim Smith, Atty. Gen., and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
OVERTON, Justice.
Appellant was arrested under authority of section 901.15(6), Florida Statutes (1977). Appellate review by this Court is sought because the trial court directly and initially upheld the constitutionality of that statute.[1] We have jurisdiction.[2]
The record indicates that appellant, Scott LeBlanc, arrived home late at night in an intoxicated condition. He entered into an argument with his wife and became enraged, beating her about the head and body. The wife withdrew to her mother's home, where she contacted the police. Mrs. LeBlanc, visibly bruised as a result of the battery, informed the officers of her husband's actions and accompanied them to her home. Having been informed of the battery and seeing evidence of the wife's bodily harm, the officers arrested the appellant, Mr. LeBlanc. The arrest was performed without a warrant pursuant to the authority granted under this specific circumstance by section 901.15(6). Appellant was subsequently convicted of spouse battery, section 784.03(1)(a), Florida Statutes (1977), and resisting arrest without violence, section 843.02, Florida Statutes (1977).
An arrest is properly authorized under section 901.15(6) if officers have reason to believe that one has committed a battery upon his or her spouse and the officers either find evidence of bodily harm or reasonably believe that the victimized spouse would be placed in further danger if the assailant was not arrested without delay. Appellant does not dispute the existence of these statutory factors; rather, he alleges that his arrest was invalid due to the unconstitutional nature of the statute. He attacks the statute on equal protection grounds, contending that the classification, dealing only with spouses, is irrational. Appellant argues that domestic violence, the subject of this statutory provision, occurs not just between spouses but between other family relations and between unrelateds sharing a home. It is alleged that singling out only spouses from the affected parties and subjecting them to arrest without warrant under the statute violates the equal protection clause, as it constitutes a fragmentary and thus irrational classification. We disagree.
There is no suggestion that this statute fails to address the problem of domestic violence, or that members within the affected spousal class are treated differently. We reject appellant's contention that the statute must apply to all parties who might be involved with or affected by domestic violence. It is not a requirement of equal protection that every statutory classification be all-inclusive. Railway Express Agency, Inc. v. New York, 336 U.S. 106, 69 S.Ct. 463, 93 L.Ed. 533 (1949); Newman v. Carson, 280 So.2d 426 (Fla. 1973); Pacheco v. Pacheco, 246 So.2d 778 (Fla. 1971). Rather, the statute must merely apply equally to the members of the statutory class and bear a reasonable relation to some legitimate state interest. Soverino v. State, 356 So.2d 269 (Fla. 1978); Gammon v. Cobb, 335 So.2d 261 (Fla. 1976). We find that the statute clearly satisfies this rationality test.
Appellant also contends that the state's evidence was insufficient to prove *301 the intent element of the battery, particularly in light of appellant's intoxicated condition. We find this contention to be without merit in view of the record evidence.
The judgment of the trial court is affirmed.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, SUNDBERG, ALDERMAN and McDONALD, JJ., concur.
NOTES
[1] § 901.15, Fla. Stat. (1977):

When arrest by officer without warrant is lawful.  A peace officer may arrest a person without a warrant when:
.....
(6) The officer has probable cause to believe that the person has committed a battery upon the person's spouse and the officer:
(a) Finds evidence of bodily harm; or
(b) The officer reasonably believes that there is danger of violence unless the person alleged to have committed the battery is arrested without delay.
[2] Art. V, § 3(b)(1), Fla. Const.