617 So.2d 1058 (1993)
Terry LITE, Petitioner,
v.
STATE of Florida, Respondent.
No. 79636.
Supreme Court of Florida.
April 15, 1993.
*1059 Richard Jorandby, Public Defender, and Robert Friedman, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen.; Joan Fowler, Senior Asst. Atty. Gen., James J. Carney and Douglas J. Glaid, Asst. Attys. Gen., West Palm Beach, for respondent.
McDONALD, Judge.
We have for review State v. Lite, 592 So.2d 1202 (Fla. 4th DCA 1992), in which the district court upheld the constitutionality of subsection 322.055(1), Florida Statutes (Supp. 1990). We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution. We approve the decision of the district court.
Terry Lite pled guilty to possession of cocaine in violation of subsection 893.03(2)(a)(4), Florida Statutes (1989). Subsection 322.055(1) provides in pertinent part that

upon the conviction of a person 18 years of age or older for possession or sale of trafficking in, or conspiracy to possess, sell, or traffic in a controlled substance, the court shall direct the department to revoke the driver's license or driving privilege of the person. The period of such revocation shall be 2 years or until the person is evaluated for and, if deemed necessary by the evaluating agency, completes a drug treatment and rehabilitation program approved or regulated by the Department of Health and Rehabilitative Services. However, the court may, in its sound discretion, direct the department to issue a license for driving privileges restricted to business or employment purposes only, as defined by s. 322.271, if the person is otherwise qualified for such license.
(Emphasis added.) At Lite's sentencing hearing, the trial court found subsection 322.055(1) unconstitutional and refused to enforce the statute. The trial court held that the statute violated both substantive due process and equal protection under the Florida and U.S. Constitutions. On appeal the district court reversed the trial court's ruling and concluded that the statute was constitutional. We agree.
To comply with the constitutional guarantee of due process, a state statute must bear a reasonable relationship to a permissible legislative objective. Department of Ins. v. Southeast Volusia Hosp. Dist., 438 So.2d 815 (Fla. 1983), appeal dismissed, 466 U.S. 901, 104 S.Ct. 1673, 80 L.Ed.2d 149 (1984). Further, the statute *1060 must not be discriminatory, arbitrary, or oppressive. Johns v. May, 402 So.2d 1166 (Fla. 1981). In enacting subsection 322.055(1), the Florida Legislature attempted to address the state's rapidly increasing problems of substance abuse and crime. See ch. 87-243, Laws of Fla. As a means of meeting this legislative goal, the statute requires the revocation of drivers' licenses of those convicted of possession, sale, or trafficking in a controlled substance. Because such a penalty "will deter the incidence of illicit drug possession, sales and trafficking, curtail the transportation of illegal drugs, and reduce the mobility of those involved in drugs," Lite, 592 So.2d at 1204, the license revocation provision is rationally related to the legislative goal.
Lite argues that the statute is an arbitrary exercise of the state's police power because a person's driver's license can be revoked even though a motor vehicle is not used in the commission of the offense. Florida law does not require that there be a direct relationship between the type of punishment and the offense itself.[1] In forfeiture proceedings, however, we have held that the government may not take an individual's property unless it proves by clear and convincing evidence that the property being forfeited was used in the commission of a crime. Department of Law Enforcement v. Real Property, 588 So.2d 957 (Fla. 1991). In contrast to the forfeiture action where there is a distinct interest in property, there is no property interest in possessing a driver's license. Rather, driving is a privilege, and the privilege can be taken away or encumbered as a means of meeting a legitimate legislative goal. City of Miami v. Aronovitz, 114 So.2d 784 (Fla. 1959). "[T]he requirement of obtaining a driver's license and the exercise of the privilege of driving over the public highways, together with the correlative loss of the privilege under certain conditions, is a reasonable regulation of an individual right in the interest of the public good." Id. at 787. Accordingly, subsection 322.055(1) is constitutionally valid even without the requirement that a motor vehicle be used during the commission of a crime.
We also disagree with Lite's contention that subsection 322.055(1) violates equal protection principles because it does not treat all drug offenders similarly. Lite complains that the statute revokes the licenses of those convicted of possession, sale, or trafficking of controlled substances, but it does not revoke the licenses of those convicted of purchase and delivery of a controlled substance. As in the due process analysis above, the rational basis standard is applied to determine whether subsection 322.055(1) denies equal protection.[2]Florida High School Activities Ass'n, Inc. v. Thomas, 434 So.2d 306 (Fla. 1983). Under the rational basis standard, the party challenging the statute bears the burden of showing that the statutory classification does not bear a rational relationship to a legitimate state purpose. Id. Lite has failed to meet his burden on this issue. As long as those people within the legally formed class are accorded equal treatment under the statute creating the classification, equal protection is not violated. LeBlanc v. State, 382 So.2d 299 (Fla. 1980) (equal protection does not require that every statutory classification be all inclusive); State v. White, 194 So.2d 601 (Fla. 1967).
*1061 Because subsection 322.055(1) does not violate principles of substantive due process or equal protection, we approve the district court's decision that the statute is constitutional. The district court is directed to remand this case to the trial court for action consistent with this opinion.
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Other Florida statutes provide for the revocation or suspension of a person's driver's license upon the commission or omission of an act not directly related to the use of a motor vehicle. See, e.g., §§ 324.051 and 324.121, Fla. Stat. (1989) (failure of automobile owner to have liability insurance even if owner is not involved in accident); § 322.26(5), Fla. Stat. (1989) (committing perjury related to the ownership of a motor vehicle); §§ 318.15 and 322.245, Fla. Stat. (1989) (failure to comply with traffic court's directives and civil penalties); § 322.0601, Fla. Stat. (1989) (failure to attend high school); § 322.274, Fla. Stat. (1989) (committing theft of parts or components of motor vehicle).
[2] The strict scrutiny standard should be applied only to those actions by the state that abridge some fundamental right or adversely affect a suspect class. Florida High School Activities Ass'n, Inc. v. Thomas, 434 So.2d 306 (Fla. 1983). Because driving is not a fundamental right and drug offenders do not constitute a suspect class, the strict scrutiny standard is not applicable in the instant case.