STRINGER, Judge.
The State of Florida challenges an order dismissing its information against Brian Brown. The State asserts that it may charge Brown, a juvenile, as an adult for violating section 790.23, Florida Statutes (Supp.1998) (delinquent in possession of a firearm). We agree and reverse.
On September 19, 1998, the State charged Brown with one count of delinquent in possession of a firearm in violation of section 790.23(l)(a). The State certified Brown as an.adult although he was seventeen years old at the time of the alleged offense. Brown had previously been adjudicated delinquent for possession of cocaine, an act that would be a felony if committed by an adult.
On November 17, 1998, a hearing was held on Brown’s motion to dismiss the information. Brown asserted that once the State certified him as an adult the juvenile court’s jurisdiction over him under chapter 985 was relinquished, and pursuant to section 790.23(2), he could no longer be prosecuted under section 790.23. The trial court agreed and granted the motion to dismiss.
Section 790.23, provides in part:
790.23 Felons and delinquents; possession of firearms or electric weapons or devices unlawful.—
(1) It is unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm or electric weapon or device, or to carry a concealed weapon, including a tear gas gun or chemical weapon or device, if that person has been:
(a) Convicted of a felony or found to have committed a delinquent act that would be a felony if committed by an adult in the courts of this state;
[[Image here]]
*1007 (2) This section shall not apply to a person convicted of a felony whose civil rights and firearm authority have been restored, or to a person found to have committed a delinquent act that would be a felony if committed by an adult with respect to which the jurisdiction of the court pursuant to chapter 985 has expired.
§ 790.23, Fla. Stat. (Supp.1998). Thus, whether Brown may be charged with a violation of section 790.23 depends on whether the juvenile court’s jurisdiction over Brown’s prior delinquent act had expired prior to him being found in possession of a firearm. We conclude that it had not.
Based on the statutory language of section 790.23, we believe that the legislature intended that only persons who were felons or delinquents at the time they were found in possession of a firearm should be prosecuted under section 790.23. For example, if a felon’s civil rights and firearm authority had been restored prior to having possession of a firearm, then he or she could not be considered a felon in possession of a firearm. Compare Williams v. State, 402 So.2d 78 (Fla. 1st DCA 1981) (affirming conviction because defendant had not had his “civil rights” restored at the time of the alleged unlawful possession). Likewise, if at the time of possessing a firearm, a delinquent was no longer under the jurisdiction of the juvenile court, either because he or she had reached the age of nineteen or because the juvenile court had relinquished jurisdiction, then he or she could not be considered a delinquent in possession of a firearm. See § 985.201(4)(a), Fla. Stat. (1997).
In this case, Brown argues that once the State certified him as an adult the juvenile court’s jurisdiction over him was relinquished under chapter 985, and pursuant to section 790.23(2), he could no longer be prosecuted under section 790.23. However, we believe Brown misinterprets the statute. The only question raised by section 790.23(2) is whether the court’s jurisdiction over Brown’s prior delinquent act had expired prior to Brown’s possession of a firearm.
It is undisputed that Brown was a delinquent at the time he was alleged to have had possession of a firearm. Brown had not reached the age of nineteen, and the juvenile court had not relinquished jurisdiction over his prior delinquent act. Although the State sought to prosecute Brown as an adult, that did not change the fact that the juvenile court had not lost jurisdiction over his prior delinquent act at the time he was in possession of a firearm. Thus, Brown could properly be charged with delinquent in possession of a firearm. We, accordingly, reverse the dismissal of the State’s information.
Reversed.
CAMPBELL, A.C.J., and FULMER, J., Concur.