805 So.2d 961 (2001)
Juan FAJARDO, Appellant,
v.
STATE of Florida.
Geovany Campos, Appellant,
v.
State of Florida.
Jose Valencia, Appellant,
v.
State of Florida, Appellee.
Nos. 2D00-2477, 2D00-3049, 2D00-3987.
District Court of Appeal of Florida, Second District.
November 21, 2001.
*962 James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellee.
ALTENBERND, Acting Chief Judge.
Juan Fajardo, Geovany Campos, and Jose Valencia each appeal a judgment convicting them of violating section 322.212(1)(c), Florida Statutes (1999), for possessing an altered Immigration and Naturalization Services (INS) card or "green card." Because these cases address the same issue, we have consolidated these cases solely for the purpose of this opinion. Each defendant argues that section 322.212(1)(c) does not apply to INS cards, or in the alternative, if it does apply, that the statute is unconstitutionally vague.[1] Although we doubt that the Florida Legislature envisioned state law enforcement officers serving as federal immigration officers when it enacted this statute, we affirm.
Each of the defendants is a Hispanic male who was confronted by a Polk County law enforcement officer and asked to produce identification. In two of these cases, the contact was a consensual encounter. Each defendant ultimately produced *963 an INS card to the officer as a form of identification. The officer determined that the INS card was altered or fake. As an example, the INS card that Mr. Valencia possessed was placed in the record. The card bears Mr. Valencia's correct name, but the identification number on the card is invalid and the picture was apparently cut out, replaced, and re-laminated.
Section 322.212 provides, in pertinent part:
322.212 Unauthorized possession of, and other unlawful acts in relation to, driver's license or identification card.
(1) It is unlawful for any person:
. . . .
(c) Knowingly to have in his or her possession any instrument in the similitude of an identification card issued by the department or its duly authorized agents or those of any state or jurisdiction issuing identification cards recognized in this state for the purpose of indicating a person's true name and age.... The term "identification card" includes any identification card issued by the department or its agents or any identification card issued by any state or jurisdiction that issues identification cards recognized in this state for the purpose of indicating a person's true name and age.
In short, this statute prohibits the carrying of "any instrument in the similitude of an identification card ... issued by any ... jurisdiction that issues identification cards recognized in this state for the purpose of indicating a person's true name and age." INS cards are issued by the federal government of the United States. The United States meets the definition of a "jurisdiction." In addition, a properly issued INS card contains the individual's photograph, name, date of birth, and a fingerprint. The card is recognized in other Florida statutes as a sufficient form of identification to prove identity when applying for a driver's license or identification card issued by the Florida Department of Highway Safety and Motor Vehicles. See § 322.051(1)(a)(3), .08(2)(c), .09(1)(b), Fla. Stat. (1999). Thus, the defendants' conduct in these cases falls squarely within the conduct prohibited by the text of the statute.
This statute is set forth in title XXIII of the Florida Statutes titled "Motor Vehicles" and in chapter 322 titled "Driver's Licenses." The defendants argue that the placement of the statute suggests that the Florida Legislature was primarily concerned with the problem of people, especially young people, carrying forged driver's licenses or state identification cards. Moreover, this statute did not apply to identification cards other than the cards issued under chapter 322 until 1997. See ch. 97-206, § 4, Laws of Fla. The defendants maintain that the statute, by virtue of its titles and placement, cannot be construed to include INS green cards without a more specific statutory definition of "identification card" that would include this federal card.
We recognize that the title of a legislative enactment and, less frequently, the titles within the codified statutes may be helpful in construing an ambiguous statute. See Foley v. State, 50 So.2d 179 (Fla.1951); Curry v. Lehman, 55 Fla. 847, 47 So. 18 (1908). The rules of construction, however, can only be invoked when a statute is ambiguous. State v. Warren, 796 So.2d 489 (Fla.2001); Holly v. Auld, 450 So.2d 217, 219 (Fla.1984). Although virtually every English sentence contains some level of uncertainty, the rules of construction are reserved for cases in which a fair reading of the statute leaves the judiciary in genuine doubt about the correct *964 application of the statute. "[S]uch rules are useful only in the case of doubt and should never be used to create doubt, but to remove it." State v. Egan, 287 So.2d 1, 4 (Fla.1973). We conclude that this statute is sufficiently certain upon its face that we have no basis to invoke the rules of construction.
We also reject the defendants' argument that the statute is unconstitutionally void for vagueness. A statute is unconstitutionally vague if it fails to give a person of ordinary intelligence fair notice of what constitutes forbidden conduct. State v. Brake, 796 So.2d 522 (Fla. 2001). See also Brown v. State, 629 So.2d 841 (Fla.1994); Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972). The majority of cases considering whether a statute is unconstitutional for vagueness address specific terms within the statute that are unclear. See, e.g., Brown, 629 So.2d 841; State v. Mitro, 700 So.2d 643 (Fla.1997). We find no ambiguous terms in section 322.212(1)(c), nor do we find a plain reading of it difficult or unclear. In isolation, the statutory language covers any government-issued form of identification that contains a person's name and age and is officially recognized as a form of proof of those facts. This statute may constitutionally be applied to the defendants' conduct in these cases. See Brake, 796 So.2d 522.
We note that the possession of a false INS card is a federal crime. See 18 U.S.C. § 1546. From a purely economic standpoint, the Florida Legislature may wish to consider whether it wants to expend state tax dollars to enforce immigration laws, and whether it wants to use state correctional facilities to house prisoners whose primary offense is actually a federal offense. Additionally, the Florida Legislature may be concerned about the possibility that the application of this statute to green cards risks selective enforcement and racial profiling by law enforcement officers. These cases all involve Spanish-speaking individuals in Polk County. Green cards, real and forged, are undoubtedly carried by people from many different ethnic and linguistic backgrounds. If the statute is ultimately used as a device to justify more police intrusion into the Spanish-speaking migrant community, it may not actually address the mischief that prompted legislators to vote for this amendment.
Affirmed.
SALCINES and STRINGER, JJ., Concur.
NOTES
[1] Mr. Campos and Mr. Valencia have raised additional arguments in their cases that we reject without further comment.