Commissioner Guy M. Tunnell Florida Department of Law Enforcement Post Office Box 1489 Tallahassee, Florida 32302-1489
Dear Commissioner Tunnell:
On behalf of the Florida Department of Law Enforcement and the Criminal Justice Standards and Training Commission, you ask substantially the following question:
Does the prohibition in section 790.23, Florida Statutes, against a person who has been "[f]ound, in the courts of this state, to have committed a delinquent act that would be a felony if committed by an adult and such person is under 24 years of age" having "in his or her care, custody, possession, or control any firearm, ammunition, or electric weapon or device," apply to students in law enforcement training schools certified by the Criminal Justice Standards and Training Commission?
Section 943.13, Florida Statutes, prescribes the minimum standards for those who seek to become certified law enforcement officers. Subsection (9) of the statute requires such applicants to "[c]omplete a commission-approved basic recruit training program for the applicable criminal justice discipline, unless exempt under this subsection."[1]
You state that one major part of the basic recruit curriculum is instruction in the proper use and maintenance of firearms and other weapons, and as part of the training recruits are expected to demonstrate firearm proficiency on firing ranges by handling and firing firearms. According to your letter, Florida's training schools for law enforcement recruits are encountering otherwise qualified applicants who are under the age of 24 and who previously had been adjudicated delinquent for offenses that, had the recruits been adults at the time, would have been felonies.
Section 790.23(1), Florida Statutes, provides in pertinent part:
"It is unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm, ammunition, or electric weapon or device, or to carry a concealed weapon, including a tear gas gun or chemical weapon or device, if that person has been:
* * *
(b) Found, in the courts of this state, to have committed a delinquent act that would be a felony if committed by an adult and such person is under 24 years of age[.]"
Pursuant to section 790.23(3), Florida Statutes, "[a]ny person who violates this section commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."
You note that there is an exemption for law enforcement officers in section 790.051, Florida Statutes, from the licensing and penal provisions of Chapter 790 "when acting at any time within the scope or course of their official duties or when acting at any time in the line of or performance of duty." Section 790.001(8), Florida Statutes, defines "Law enforcement officer" for purposes of Chapter 790 as:
"(a) All officers or employees of the United States or the State of Florida, or any agency, commission, department, board, division, municipality, or subdivision thereof, who have authority to make arrests; (b) Officers or employees of the United States or the State of Florida, or any agency, commission, department, board, division, municipality, or subdivision thereof, duly authorized to carry a concealed weapon; (c) Members of the Armed Forces of the United States, the organized reserves, state militia, or Florida National Guard, when on duty, when preparing themselves for, or going to or from, military duty, or under orders; (d) An employee of the state prisons or correctional systems who has been so designated by the Department of Corrections or by a warden of an institution; (e) All peace officers; (f) All state attorneys and United States attorneys and their respective assistants and investigators."
Such an exemption, however, would not appear to apply to those persons training to become law enforcement officers. When a law mentions the things upon which it is to operate, or forbids certain things, it is ordinarily construed as excluding from its operation all things not expressly mentioned — the express mention of one thing implies the exclusion of another.[2] Moreover, I would note that section 985.228(7), Florida Statutes, provides:
"Notwithstanding any other provision of law, an adjudication of delinquency for an offense classified as a felony shall disqualify a person from lawfully possessing a firearm until such person reaches 24 years of age."
You question whether there is any mechanism that would allow such a person to ever become certified. Prior to its amendment in 1999, section790.23(2) provided:
"This section shall not apply to a person convicted of a felony whose civil rights and firearm authority have been restored, or to a person found to have committed a delinquent act that would be a felony if committed by an adult with respect to which the jurisdiction of the court pursuant to chapter 985 has expired."[3]
Section 39 of Chapter 99-284, Laws of Florida, amended the above section to delete the language relating to persons who have committed a delinquent act. Section 790.23(2), Florida Statutes, now provides that the section "shall not apply to a person convicted of a felony whose civil rights and firearm authority have been restored." The 1999 legislation also deleted the language in section 790.23(1)(a) relating to persons found to have committed a delinquent act and created a new section (1)(b), which contains the same language as is currently contained in s.790.23(1)(b), Fla. Stat.[4] At the same time the legislation created section 985.228(7), Florida Statutes, which, as noted above, provides that "[n]otwithstanding any other provision of law, an adjudication of delinquency for an offense classified as a felony shall disqualify a person from lawfully possessing a firearm until such person reaches 24 years of age."[5]
In discussing these changes, the staff analysis to House Bill 349 (codified as Chapter 99-284, Laws of Florida) states:
"Section 38. HB 349 disqualifies a person who has been adjudicated delinquent of a felony from possessing a firearm until age 24. Section 39. HB 349 makes it a second degree felony for a person who has been adjudicated delinquent for a felony to possess a firearm until suchperson reaches 24 years of age."[6] (e.s.)
Thus it appears that the disqualification from firearm possession for a person found to have committed a delinquent act that would be a felony if committed by an adult exists only until the person reaches the age of 24.
Accordingly, I am of the opinion that the prohibition in section 790.23, Florida Statutes, against a person who has been "[f]ound, in the courts of this state, to have committed a delinquent act that would be a felony if committed by an adult and such person is under 24 years of age" having "in his or her care, custody, possession, or control any firearm, ammunition, or electric weapon or device" applies to students who are under the age of 24 and are in law enforcement training schools certified by the Criminal Justice Standards and Training Commission. Once such an individual reaches the age of 24, however, the disqualification no longer applies and such student would be authorized to possess or control firearms. In order to allow such a person under the age of 24 to fully participate in law enforcement training, a change in Florida law would be required.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] The statute provides an exemption for an applicant who has:
"(a) Completed a comparable basic recruit training program for the applicable criminal justice discipline in another state or for the Federal Government; and (b) Served as a full-time sworn officer in another state or for the Federal Government for at least 1 year provided there is no more than an 8-year break in employment, as measured from the separation date of the most recent qualifying employment to the time a complete application is submitted for an exemption under this section[.]"
See also s. 943.131(2), Fla. Stat.
[2] See e.g., Young v. Progressive Southeastern Insurance Company,753 So.2d 80 (Fla. 2000); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952).
[3] See State v. Brown, 745 So.2d 1006 (Fla. 2nd DCA 1999), concluding that based on s. 790.23(2), Fla. Stat. (1997), the determination as to whether the defendant could be charged with a violation of s. 790.23
depended on whether the juvenile court's jurisdiction over the defendant's prior delinquent act had expired prior to him being found in possession of a firearm.
[4] See s. 39, Ch. 99-284, Laws of Fla., which deleted the language "or found to have committed a delinquent act that would be a felony if committed by an adult" from s. 790.23(1)(a) and created a new s.790.23(1)(b) providing: "Found, in the courts of this state, to have committed a delinquent act that would be a felony if committed by an adult and such person is under 24 years of age."
[5] Section 38, Ch. 99-284, Laws of Fla.
[6] House of Representatives, as revised by the Committee on Law Enforcement and Crime Prevention, Final Analysis on HB 349, June 15, 1999. And see Senate Staff Analysis and Economic Impact Statement on SB 1768 (passed as 04-286, Laws of Florida), March 9, 2004, which subsequently amended s. 790.23 to include ammunition within the prohibition, and which states in part:
"When a felon has his or her civil rights and firearm authority restored, the prohibition no longer applies. The application of the law to juvenile delinquents ceases upon his or her 24th birthday."