912 So.2d 603 (2005)
STATE of Florida, Appellant,
v.
Mathew Sabastian MENUTO, Appellee.
No. 2D03-4838.
District Court of Appeal of Florida, Second District.
May 4, 2005.
*605 Charles J. Crist, Jr., Attorney General, Tallahassee, and Marilyn Muir Beccue, Assistant Attorney General, Tampa, for Appellant.
Jawdet I. Rubaii and Jack F. White, III, of Jawdet I. Rubaii, P.A., Clearwater, for Appellee.
WALLACE, Judge.
When the trial court dismissed the information against Mathew Sabastian Menuto, it held that section 790.23(1)(b), Florida Statutes (2002), was unconstitutional. We agree with the State that the statute withstands Menuto's constitutional challenges, and we reverse.
The information alleged that in December 2002, Menuto was under twenty-four years of age when he had in his care, custody, possession, or control a firearm. The information further alleged that six years earlier, Menuto, as a juvenile, had been found to have committed burglary of a dwelling, which was a delinquent act that would have been a felony if committed by an adult. The information alleged that these facts constituted a violation of section 790.23, which provides, in pertinent part:
(1) It is unlawful for any person to own or to have in his or her care, custody, possession, or control any firearm. . . if that person has been:
(a) Convicted of a felony in the courts of this state;
(b) Found, in the courts of this state, to have committed a delinquent act that would be a felony if committed by an adult and such person is under 24 years of age.
For the purpose of section 790.23(1)(a), "conviction" means "adjudication of *606 guilt"a mere withhold of adjudication of guilt of the prior offense will not suffice. See Malcolm v. State, 605 So.2d 945, 948 (Fla. 3d DCA 1992) ("[T]he defendant pled guilty to the charge and the trial court withheld adjudication of guilt; this means that the defendant was never convicted of this felony, and that, accordingly, he could not, as we have squarely held, be convicted of unlawful possession of a firearm by a convicted felon based on such a withhold of adjudication."); accord Castillo v. State, 590 So.2d 458 (Fla. 3d DCA 1991); Burkett v. State, 518 So.2d 1363 (Fla. 1st DCA 1988).
By contrast, a violation of section 790.23(1)(b) requires that the person has been "found" to have committed the prior offense. In a juvenile proceeding, a finding that the child has committed a delinquent act or violation of law occurs when the court withholds adjudication of delinquency and when the court adjudicates the child delinquent. § 985.228(4), Fla. Stat. (2002).[1]
Moving to dismiss the information, Menuto alleged that in the prior juvenile proceeding, he had not been adjudicated delinquent; rather, adjudication of delinquency had been withheld. Menuto argued that the statute was incongruous, requiring an adjudication of guilt to prove a violation of section 790.23(1)(a) but permitting a violation of section 790.23(1)(b) to be proved without an adjudication of delinquency. In his motion, he characterized his constitutional challenges as follows: "[T]he statute is vague, both facially and as applied to [Menuto], and further that the statute violates equal protection and is arbitrary and capricious, both facially and as applied.. . ." In the alternative, Menuto requested the court to construe the phrase "[f]ound . . . to have committed a delinquent act" in section 790.23(1)(b) to require an adjudication of delinquency.

Procedural Due Process
In substance, Menuto's equal protection argument implicated due process more than equal protection. "It is the Due Process Clause that protects the individual against the arbitrary and unreasonable exercise of governmental power." State v. Robinson, 873 So.2d 1205, 1209 (Fla.2004). "[T]he equal protection clause is only concerned with whether the classification pursuant to a particular legislative enactment is properly drawn. Procedural due process is the constitutional guarantee involved with a determination of whether a specific individual is placed within a classification." Id. (quoting Westerheide v. State, 831 So.2d 93, 110-11 (Fla.2002)). Menuto does not question the legislature's wisdom in creating the classifications represented by subsections (1)(a) and (1)(b) because he admits that those juveniles adjudicated delinquent are properly included in subsection (1)(b). Rather, he questions his placement within subsection (1)(b) because his adjudication of delinquency was withheld. Accordingly, we first consider Menuto's constitutional challenge as a matter of procedural due process.
Section 790.23 does not infringe upon a fundamental right. Therefore, under the constitutions of the United States and Florida, to "comply with the constitutional guarantee of due process, a state statute must bear a reasonable relationship to a permissible legislative objective." Lite v. State, 617 So.2d 1058, 1059 (Fla. 1993). "Further, the statute must not be discriminatory, arbitrary, or oppressive." Id. at 1059-60.
*607 As an element of the offense prohibited by section 790.23(1), subsection (1)(a) requires that the person has been "[c]onvicted of a felony." Subsection (1)(b) requires that the person has been "[f]ound . . . to have committed a delinquent act that would be a felony if committed by an adult." The difference between subsections (1)(a) and (1)(b) is not arbitrary; rather, it recognizes the fundamental difference between criminal proceedings and juvenile proceedings.
The primary purpose of criminal sentencing is to punish. § 921.002(1)(b), Fla. Stat. (2002). In sharp contrast, the ultimate aim of juvenile proceedings is to rehabilitate. P.W.G. v. State, 702 So.2d 488, 491 (Fla.1997) (adopting the district court's reasoning); see also § 985.02 (emphasizing rehabilitative and preventative goals, as well as protection of the public, as the primary aims of the juvenile justice system).
A juvenile proceeding begins when the Department of Juvenile Justice files a petition alleging that a child has committed a delinquent act. If, after an evidentiary hearing, the trial court finds that the child has not committed a delinquent act, the petition must be dismissed. § 985.228(3). If the trial court finds that the child has committed a delinquent act, a myriad of options are available to the trial court. By withholding adjudication, the court may place the child in community-based rehabilitative programs as a condition of juvenile probation. Then, "[i]f the court later finds that the child has not complied with the rules, restrictions, or conditions of the community-based program, the court may . . . enter an adjudication of delinquency and shall thereafter have full authority under this chapter to deal with the child as adjudicated." § 985.228(4). Thus the adjudication of delinquency is not related to the finding that the child committed the delinquent act. Rather, the adjudication of delinquency is a device by which the court empowers itself to impose a more restrictive disposition upon the child (such as ordering him to secure detention) in order to effectuate the child's rehabilitation or to protect the public.
Menuto assumes that a "conviction" is equivalent to an "adjudication of delinquency." It is not. See § 985.228(6) (providing, with exceptions not relevant here, that "an adjudication of delinquency by a court with respect to any child who has committed a delinquent act or violation of law shall not be deemed a conviction; nor shall the child be deemed to have been found guilty or to be a criminal by reason of that adjudication").
Menuto further assumes that a "withhold of adjudication of guilt" is equivalent to a "withhold of adjudication of delinquency." However, the juvenile justice system does not recognize the concept of "guilt." See § 985.228(6). Moreover, as a matter of procedure, it is possible in a criminal proceeding for the court to impose a sentence following a withhold of adjudication of guilt without a finding of guilt. See Walker v. State, 880 So.2d 1262, 1264 (Fla. 2d DCA 2004) (noting that a withhold of adjudication of guilt pursuant to a no contest plea does not constitute a "finding of guilt"). In juvenile proceedings, a finding that the child has committed a delinquent act must precede a withhold of adjudication of delinquency; otherwise the delinquency petition must be dismissed. § 985.228(3). Because Menuto's argument is built upon the equivalence of these "apples and oranges," the argument fails.
Menuto cites cases that loosely employ some of the language of criminal law to describe juvenile proceedings. E.g., C.C.B. *608 v. State, 782 So.2d 473, 478 (Fla. 4th DCA 2001) (noting that section 790.23 made it unlawful for a person to possess any firearm if the person had been "convicted" of a delinquent act); W.J. v. State, 688 So.2d 954, 957 (Fla. 4th DCA 1997) (employing the same language). However, those cases concerned the permissible scope of a condition of juvenile probation. We do not believe that the authors of those opinions intended to criminalize juvenile proceedings.

Equal Protection
Because section 790.23 does not adversely affect a suspect class or a fundamental right, "the rational basis standard is applied to determine whether [the statute] denies equal protection" under the federal and Florida constitutions. Lite, 617 So.2d at 1060. "Under the rational basis standard, the party challenging the statute bears the burden of showing that the statutory classification does not bear a rational relationship to a legitimate state purpose." Id. For the reasons explained above, the classifications created by subsections (1)(a) and (1)(b) are rationally related to the difference between criminal and juvenile proceedings. We find no violation of equal protection.
Within subsection (1)(b), there is a class of people under age twenty-four for whom a prior finding of a commission of a delinquent act will be an element of the offense prohibited by section 790.23(1). A second class of people age twenty-four and above with a juvenile record will not be so adversely affected if they possess a firearm. The trial court cited this disparity as an additional reason to find section 790.23 unconstitutional.
Section 790.23(1)(b) reflects the proper exercise of legislative prerogative. Chapter 99-284, section 39, at 3133, Laws of Florida, substantially rewrote section 790.23, including the addition of the provision drawing a line at age twenty-four. Under the old version, if the prior offense was a delinquent act, the person had to be under the jurisdiction of the juvenile court at the time he committed the possession offense in order to be subject to section 790.23. If the juvenile court no longer had jurisdiction over the person (because he reached age nineteen, for example), then the person could not be held to account for violating section 790.23's prohibition on possession of a firearm by a person found to have committed a delinquent act. See State v. Brown, 745 So.2d 1006 (Fla. 2d DCA 1999) (considering section 790.23(2), Fla. Stat. (Supp.1998)). In other words, once the child reached majority, the prior juvenile offense could no longer be used to support a violation of section 790.23 when he possessed a firearm as an adult.
Chapter 99-284 raised the age at which the person would be held responsible for the prior juvenile offense. In the new version, age twenty-four was selected as the age at which the person could possess a firearm without violating section 790.23. We view the selection of age twenty-four as the sort of legislative line-drawing that is the proper function of the legislature. Because it is rationally related to the legitimate goal of reducing the potential harm of recidivist ex-juvenile offenders who possess firearms within a relatively short time after attaining majority, we find no violation of equal protection.

Vagueness
Substantive due process implicates the vagueness doctrine, which requires that "a statute gives a person of ordinary intelligence fair notice of what constitutes forbidden conduct. The language of the statute must provide a definite warning of what conduct is required or prohibited, measured by common understanding and practice." Sieniarecki v. *609 State, 756 So.2d 68, 74 (Fla.2000) (citations and internal quotations omitted). When applying the vagueness doctrine,
the traditional rule is that a person to whom a statute may constitutionally be applied may not challenge that statute on the ground that it may conceivably be applied unconstitutionally to others in situations not before the Court. If the record demonstrates that the [person] engaged in some conduct clearly proscribed by the plain and ordinary meaning of the statute, then [he] cannot successfully challenge it for vagueness nor complain of its vagueness as applied to the hypothetical conduct of others.
Id. (citations and internal quotations omitted). Thus, in undertaking a vagueness analysis under the federal and Florida constitutions, the appellate court should "examine the complainant's conduct before analyzing other hypothetical applications of the law." Id. at 75.
Here, Menuto's conduct fell squarely within the meaning of the statute. A court of this state found that Menuto had committed a delinquent act that would be a felony if committed by an adult, regardless of the disposition ordered upon such finding. For this reason, the statute was not vague as applied to him, and he lacks standing to assert a facial vagueness claim.

Statutory Construction
Alternative to his constitutional challenges, Menuto contends that section 985.228(7) and the heading of section 790.23, when read in pari materia with section 790.23(1)(b), require the phrase "[f]ound . . . to have committed a delinquent act" in section 790.23(1)(b) to be construed as requiring an adjudication of delinquency. We do not agree.
The heading of section 790.23 is "Felons and delinquents; possession of firearms or electric weapons or devices unlawful." Menuto believes that the inclusion of "delinquents" and the exclusion of those whose adjudication had been withheld excludes the latter from the meaning of section 790.23(1)(b).
"Legislative intent is the polestar that guides a court's statutory construction analysis." Bautista v. State, 863 So.2d 1180, 1185 (Fla.2003). The court first should look to the actual language of the provision in question. Id. Infrequently, the section headings within the codified Florida Statutes may be helpful in construing an ambiguous statute. Fajardo v. State, 805 So.2d 961, 963 (Fla. 2d DCA 2001). However, the rules of construction can only be invoked when a statute is ambiguous. Id. In this case, section 790.23(1)(b) is clear on its face; thus we need not look to the section heading.
Further, reading section 985.228(7) in pari materia with section 790.23 does not aid Menuto's cause. Section 985.228(7) was enacted together with the revision to section 790.23. Ch. 99-284, § 38, at 3133, Laws of Fla. It provides: "Notwithstanding any other provision of law, an adjudication of delinquency for an offense classified as a felony shall disqualify a person from lawfully possessing a firearm until such person reaches 24 years of age." This is the last subsection of the section governing adjudicatory hearings and orders of adjudication in delinquency cases.
Section 985.228(7), standing alone, might imply that juvenile dispositions other than adjudication of delinquency would not disqualify a person from lawfully possessing a firearm. However the phrase, "[n]otwithstanding any other provision of law" alerts the reader that other provisions may impact the force and effect of section 985.228(7).
*610 Section 790.23 is such a provision. It is both more specific and broader in application than section 985.228(7) in three respects. First, the finding that the person committed a delinquent act required by section 790.23 necessarily encompasses the adjudication of delinquency required by section 985.228(7). Second, section 790.23 prohibits possession of more items than the firearms mentioned in section 985.228(7); these items include a tear-gas gun, an electric weapon or device, and a chemical weapon or device. Third, section 790.23(3) provides that "[a]ny person who violates this section commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084." There is no penalty associated with section 985.228(7), and it does not describe the consequences of possessing a firearm when one is disqualified to do so. Thus it is apparent that section 985.228(7) does not withstand section 790.23; section 790.23 swallows it whole. Section 985.228(7) does not support a construction of section 790.23(1)(b) other than its plain meaning.

Conclusion
We reverse the order dismissing the information against Menuto, and we remand for further proceedings.
Reversed.
STRINGER and VILLANTI, JJ., concur.
NOTES
[1] For the purpose of this opinion, statutes cited herein related to juvenile proceedings are comparable to statutes in effect at the time of Menuto's juvenile disposition. Compare §§ 985.02, 985.228, Fla. Stat. (2002), with §§ 39.002, 39.053, Fla. Stat. (1995).