913 So.2d 1 (2005)
STATE of Florida, Appellant,
v.
N.P., Appellee.
No. 2D04-2927.
District Court of Appeal of Florida, Second District.
June 15, 2005.
Rehearing Denied November 3, 2005.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellant.
No appearance for Appellee.
*2 DAVIS, Judge.
N.P., a juvenile, was found delinquent for having committed criminal mischief in violation of section 806.13, Florida Statutes (2003). She had participated in placing graffiti on bathroom doors and walls at John Hopkins Middle School. The trial court withheld adjudication and imposed a number of unchallenged sanctions as part of the disposition. The State argues that the trial court erred in failing to impose two additional mandatory provisions pursuant to sections 806.13(6) and .13(7). We affirm in part, reverse in part, and remand.
The first of these two allegedly mandatory provisions is contained in section 806.13(6)(a), which provides for the imposition of a fine. The second is contained in section 806.13(7), which provides for the revocation, withholding, or extension of an existing suspension or revocation of the minor's driver's license. In the instant case, we conclude that the fine is not mandatory but that the driver's license provisions are.
Section 806.13(6)(a) provides as follows:
Any person who violates this section when the violation is related to the placement of graffiti shall, in addition to any other criminal penalty, be required to pay a fine of:
1. Not less than $250 for a first conviction.
2. Not less than $500 for a second conviction.
3. Not less than $1,000 for a third or subsequent conviction.
(Emphasis added.) While the statute does provide that a fine "shall" be imposed, it also provides that such a fine is to be imposed only on those individuals who have been "convicted." Because juveniles are not deemed to be "convicted" by adjudications of delinquency, see § 985.228(6), Fla. Stat. (2003), N.P. could not be considered to have been convicted of criminal mischief in violation of the statute. As such, she could not be subject to the imposition of a fine for violating the statute, and the trial court's failure to impose such a fine was not error.
By contrast, however, the trial court did err in failing to impose the driver's license sanctions contained in section 806.13(7), which are required when a minor is found to have committed a delinquent act under section 806.13 by placing graffiti on any public or private property. Unlike subsection (6) of the statute, subsection (7) is clearly intended to apply to minors. It does not use the term "conviction" but uses the language of delinquency, stating that the court shall impose the appropriate driver's license sanctions once the minor is found to have committed a delinquent act.
In the instant case, the trial court should have imposed the driver's license sanctions because N.P. was found to have committed a delinquent act, as evidenced by the trial court's entry of a withhold of adjudication. See State v. Menuto, 912 So.2d 603 (Fla. 2d DCA 2005). Given the fact that N.P. was found to have committed a delinquent act, and given the mandatory language of section 806.13(7), the trial court was required to revoke, withhold, or extend the suspension or revocation of N.P.'s driver's license. The failure to do so was error.[1]
In conclusion, we determine that the trial court correctly refused to impose a fine in the instant case because N.P. could not be considered to have been convicted under the statute. However, given the mandatory language contained in section *3 806.13(7), in addition to that section's clear application to juveniles, we conclude that the trial court erred in refusing to either revoke, withhold, or extend the revocation or suspension of N.P.'s driver's license after it withheld adjudication.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT and VILLANTI, JJ., Concur.
NOTES
[1] We note that section 806.13(6) appears to contain an internal conflict. While the sanction of a fine pursuant to section 806.13(6)(a) may not be applied to minors because the violator must be "convicted," section 806.13(6)(c) expressly applies to minors and provides that if a minor "commits a delinquent act prohibited by paragraph (a), the parent or legal guardian of the minor is liable along with the minor for payment of the fine."