SILBERMAN, Judge.
E.J. appeals her adjudication of delinquency and disposition for obstructing or opposing an officer without violence. We affirm the adjudication of delinquency without comment, but we remand for the trial court to strike the imposition of a $3 cost for teen court because section 938.19, Florida Statutes (2003), does not apply to juvenile cases.
On June 2, 2004, the trial court placed E.J. on juvenile probation for a term not to exceed one year and imposed the following costs as a condition of probation: $50 pursuant to section 938.03, Florida Statutes (2003); $3 pursuant to section 938.17; and $3 pursuant to section 938.19. E.J. filed a notice of appeal and later filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b).[1] In her motion, E.J. challenged the imposition of the $3 cost pursuant to section 938.17 and the $3 cost pursuant to section 938.19. She cited section 985.221, Florida Statutes (2003), which contains a general prohibition on imposing “court fees” in any proceeding under chapter 985 against “any party to a delinquency petition or any parent or legal guardian[J” She argued that because sections 938.17 and 938.19 did not expressly apply to juvenile cases, as does section 938.03, the trial court should strike those costs. The trial court denied the motion.
E.J. does not argue on appeal that the trial court erred in denying her motion with respect to section 938.17. We note that the statute specifically provides for a $3 juvenile assessment center cost, if a county adopts an ordinance for the assessment of the mandatory cost, to be imposed upon “every person who ... pleads guilty, nolo contendere to, or is convicted of, or adjudicated delinquent for, or has an adjudication withheld for, a felony or misde-meanorf.]” § 938.17 (emphasis added).[2]
With respect to section 938.19, in its order the trial court quoted the statute as follows:
[I]n each county in which a teen court has been created, a county may adopt a mandatory cost to be assessed in specific cases as provided for in subsection (1) by incorporating by reference the provisions of this section in a county ordinance. Assessments collected by the clerk of the circuit court pursuant to this section shall be deposited into an account specifically for the operation and administration of the teen court:
(1) A sum of $3, which shall be assessed as a court cost by both the circuit court and the county court in the county against every person who pleads guilty or nolo contendere to, or is convicted of, regardless of adjudication, a violation of a state criminal statute or municipal ordinance or county ordinance or who pays a fine or civil penalty for any violation of chapter 316.
(Emphasis supplied by trial court.) The trial court then stated that “E.J. was found guilty of violating a state criminal statute” and that Hillsborough County had “specifically authorized the assessment in section 938.19”; thus, the trial court denied the motion to correct sentencing error.
Unlike section 938.17, section 938.19 does not specifically authorize the *384 imposition of the $3 cost in juvenile delinquency cases. Although E.J. was found to have committed a delinquent act by violating a criminal statute, she was not “convicted.” In State v. N.P., 913 So.2d 1, 2, 2005 WL 1397383 (Fla. 2d DCA June 15, 2005), this court recognized that “juveniles are not deemed to be ‘convicted’ by adjudications of delinquency, see § 985.228(6), Fla. Stat. (2003),” and determined that the trial court had properly refused to impose a fine that required a conviction under the criminal mischief statute. In addition, “the juvenile justice system does not recognize the concept of ‘guilt.’ ” State v. Menuto, 912 So.2d 603, 607, 2005 WL 1026014 (Fla. 2d DCA May 4, 2005) (citing section 985.228(6)).
Therefore, because E.J. was not convicted, and section 938.19 does not provide for imposition of the cost upon adjudication of delinquency, we remand for the trial court to strike the $3 cost for teen court imposed pursuant to section 938.19, Florida Statutes (2003).
Adjudication affirmed; remanded to strike cost.
FULMER, C.J., and SALCINES, J., Concur.

. The motion should have been filed pursuant to Florida Rule of Juvenile Procedure 8.135(b), the juvenile version of rule 3.800(b).

. Effective July 1, 2004, however, section 938.17 was amended and the provision for the imposition of juvenile assessment center costs was moved to section 939.185; section 939.185 does not contain the language of imposing the cost on those adjudicated delinquent. See Ch.2004-265, §§ 85, 88, 109 at 687-88, 691, Laws of Fla.