993 So.2d 131 (2008)
William BORDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-2417.
District Court of Appeal of Florida, Fourth District.
October 22, 2008.
*132 William Borden, Polk City, pro se.
Bill McCollum, Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
William Borden appeals a trial court order which purported to strike his three motions to waive findings and costs imposed in his two 1997 felony prosecutions in Martin County Circuit Court. The trial court construed his motions as intended to be filed under Florida Rule of Criminal Procedure 3.800(c), and then struck them because more than sixty days had elapsed from sentencing.
While we do not agree that the motions were intended under that rule, we nonetheless affirm the trial court's order denying relief because the motions were without basis in the law. The trial court was right, but for the wrong reasons. See Stav v. State, 860 So.2d 478 (Fla. 4th DCA 2003).
Appellant's challenge in his three motions was to the potential suspension of his driver's license due to costs and fees imposed in his two felony cases, which have not been paid by him. Section 322.245(5)(a), Florida Statutes (2004) authorized this suspension for failure to pay any obligations in criminal cases. His challenges to the costs and fees relate to his indigent status now and not at the time they were imposed. Further, his challenge to the retroactive application of section 322.245(5)(a), Florida Statutes (2004) to his cases must fail in light of the authorities recognizing that driving is a privilege and not a right, which can be "taken away or encumbered as a means of meeting a legitimate legislative goal." See Lite v. State, 617 So.2d 1058, 1060 (Fla.1993). Moreover, there is no ex post facto violation by application of the statute to his cases. See Lescher v. Florida Dep't of Highway Safety & Motor Vehicles, 985 So.2d 1078 (Fla.2008).
Therefore, even if appellant's motions were treated by the trial court as having been filed under Florida Rule of Criminal Procedure 3.800(a) or 3.850, (if he could have overcome the limitations period of rule 3.850), their denial was correct under this authority. Affirmed.
SHAHOOD, C.J and GROSS, J., concur.