J. S69029/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
         :          PENNSYLVANIA
         :
         :
         :
      v.          :
         :
MICHAEL JOSEPH ASCENZI       :
         :
      APPELLANT       :       No. 257 MDA 2016

Appeal from the Judgment of Sentence December 30, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-SA-0000265-2015

BEFORE: STABILE, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY DUBOW, J.:          **FILED OCTOBER 18, 2016**

Appellant, Michael Joseph Ascenzi, appeals *pro se* from the Judgment

of Sentence entered in the Luzerne County Court of Common Pleas following

his conviction of one count each of Driving without a License and Displaying

a Foreign License During Suspension or Revocation.[1] We affirm.

On August 26, 2015, Officer Richard Harding of the City of Wilkes-

Barre Police Department initiated a traffic stop after observing Appellant,

whom Officer Harding knew had a suspended driver's license, operating a

vehicle. When asked for his driver's license, Appellant produced a Florida

driver's license. Officer Harding ascertained the validity of Appellant's

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 75 Pa.C.S. § 1501(a) and 75 Pa.C.S. § 1573(a), respectively.

Florida-issued driver's license, but also confirmed that Appellant's Pennsylvania driving privileges had been suspended on September 9, 2014. Accordingly, Officer Harding issued two citations to Appellant: one for driving with a suspended license, and one for displaying a foreign license during suspension.

The Magisterial District Judge found Appellant guilty of both charges on September 22, 2015. On October 20, 2015, Appellant filed a Notice of Appeal to the Luzerne County Court of Common Pleas. That court held a summary appeal trial on December 30, 2015. Officer Harding testified on the Commonwealth's behalf. Appellant, appearing *pro se*, declined to cross-examine Officer Harding, and instead made a statement on his own behalf. Appellant claimed that, when asked for identification, Appellant produced his Florida driver's license to Officer Harding because it was the only identification he had. He argued that, even though his driving privileges were suspended in Pennsylvania, since Florida had issued him a driver's license, it was not a "false license," and the Florida license permitted him to "drive anywhere." N.T., 12/30/15, at 8-9. Appellant also opined that 75 Pa.C.S. § 1573(a), pertaining to the display of a foreign license, is unconstitutional. *Id.* at 11.

The trial court found Appellant guilty of both charges and imposed an aggregate fine of $623. On January 27, 2016, Appellant filed a timely Notice of Appeal and a Pa.R.A.P. 1925(b) Statement.

On March 1, 2016, the trial court entered an order directing Appellant to file a Pa.R.A.P. 1925(b) Statement. On June 17, 2016, the court, apparently not realizing that Appellant had already filed a Rule 1925(b) Statement in January, filed a Pa.R.A.P. 1925(a) Opinion in which it concluded that Appellant had waived his issues on appeal by not complying with its March 1, 2016 Order.

Appellant raises the following three issues on appeal, which we have reordered for ease of disposition:

> 1. There is no set law that requires an appellant to file more than one 1925(b) Concise Statement of Matters of Complaint on Appeal. See Exhibits A, B.
>
> 2. Was it a complete error of law where the trial court found the Appellant guilty of displaying his Florida driver's license as his proper valid photo identification as a foreign driver's license, when the arresting officer had first hand knowledge that his Pennsylvania license was in fact suspended, and that same officer asked for the Appellant's identification. Title 75 Pa.C.S.A. § 1501.
>
> 3. As viewing Title 75 Pa.C.S.A. § 1543(a) coupled with § 1573(a), in nature they are in conflict with the United States Constitution under the 1st, 4th, and 14th Amendments as well as [the Pennsylvania Constitution Article 1 Section 8 and Section 9]. Also breeching Florida's sovereignty as a proclaimed state and independent laws therein. Making said statutes unconstitutional.

Appellant's Brief at 2.

In his first issue, Appellant purports to challenge the trial court's assertion that he waived his issues on appeal by failing to file a Pa.R.A.P. 1925(b) statement in compliance with the trial court's March 1, 2016 Order.

Our review of the trial court docket reveals that Appellant filed a Rule 1925(b) Statement on January 27, 2016. In it, Appellant raised the issues he currently raises before this Court on appeal. Accordingly, and notwithstanding that the trial court did not address those issues on their merits in its Rule 1925(a) opinion, we decline to find Appellant's issues on appeal waived.

Next, Appellant avers that it was an "error by the trial court to have found the Appellant guilty of displaying a foreign license when the officer only asked for identification." *Id.* at 8. Essentially, Appellant argues that because Officer Harding asked Appellant for identification, and the only identification he possessed was a Florida driver's license, the Commonwealth presented insufficient evidence for the trial court to find him guilty of Displaying a Foreign License During Suspension or Revocation. *Id.* at 8-9.

When examining a challenge to the sufficiency of evidence, our standard of review is as follows:

> The standard we apply in reviewing the sufficiency of the evidence is whether, viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt.
>
> In applying [the above] test, we may not weigh the evidence and substitute our judgment for that of the factfinder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and

> inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.
>
> The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Vetrini***, 734 A.2d 404, 406–07 (Pa. Super. 1999) (citations and quotations marks omitted).

Section 1573 of our Vehicle Code, entitled "Displaying a foreign license during suspension or revocation," prohibits anyone "whose operating privilege to drive a motor vehicle in this Commonwealth has been … suspended… to display a license … issued by any other jurisdiction … during the suspension[.]" 75 Pa.C.S. § 1573(a). The Vehicle Code does not provide any defenses to the violation of this statute.

At Appellant's trial *de novo*, Officer Harding testified that he stopped Appellant on August 26, 2015, when he saw him driving a vehicle because he knew that Appellant's driving privileges had been suspended. N.T. at 4-5. He further testified that the police department dispatcher confirmed that Appellant's driver's license had been suspended for one year, beginning on September 9, 2014. N.T. at 6-7. Officer Harding also testified that, when

he requested Appellant's driver's license, registration, and insurance card, Appellant produced a Florida driver's license. *Id.* at 5.

Appellant did not object to the admission into evidence of his certified driving record, nor did he provide any evidence or testimony refuting the Commonwealth's evidence that his Pennsylvania driving privileges were suspended on the date of the traffic stop. Appellant admitted that he displayed a Florida driver's license when asked for identification by Officer Harding.

Viewing all of the evidence admitted at trial in the light most favorable to the Commonwealth as the verdict winner, we conclude that the evidence was sufficient to enable the fact-finder to find that Appellant did indeed "[d]isplay[ ] a foreign license during suspension or revocation." 75 Pa.C.S. §1573(a). The record shows, and Appellant does not dispute, that he displayed to Officer Harding a Florida driver's license during the effective period of the suspension of his Pennsylvania driving privileges. Appellant's statement that he displayed the Florida license only in response to Officer Harding's order to do so does not provide a defense to the statute. Accordingly, Appellant's second issue is without merit.

In his final issue, Appellant states that the trial court erred by "failing to review the constitutionality of Pennsylvania's driving codes." Appellant's Brief at 10. In support of this claim, Appellant avers that the traffic stop initiated by Officer Harding deprived Appellant of his "guaranteed right" to

travel under the First Amendment to the U.S. Constitution; and that the towing and impounding of his vehicle incident to the traffic stop "[gave] rise to a violation of Appellant's [Fourth] Amendment rights under the [U.S.] Constitution. *Id.* at 10-11. Appellant also summarily avers, without citation to authority, that the trial court improperly interpreted and applied Section 1573(a) to him, a resident of Florida, because he is "protected by the appropriate sovereign of his home state." *Id.* at 13. He claims that "the state of Florida [gave him] a substantial right to drive." *Id*.

At trial, Appellant raised the constitutionality of Section 1573(a) in the following exchange:

| The Court: | Because your license is suspended here, it's suspended everywhere . . . . |
|---|---|
| Appellant: | It's a sovereign state. If they issue me a license, they issued me a license, Judge. Each state has their own sovereignty. Same thing with Pennsylvania. |
| The Court: | We also have something which we share. Something we share from state to state. |
| Appellant: | I'm not here for a DUI. |
| The Court: | Suspended license we share. |
| Appellant: | That's what I'm here for. |
| The Court: | And DUI's are suspended license and they go from state to state. |
| Appellant: | In my opinion the statute itself is unconstitutional if you ask me that. |

> The Court: Hire a lawyer and file whatever you want to challenge the constitution.

N.T. at 11-12.

Based on our review of the above exchange, we conclude that Appellant only preserved his purported constitutional claim that finding him guilty of Section 1573 violated a sovereign "right" to drive granted by the state of Florida. However, to the extent that Appellant raises First and Fourth Amendment violations, we find those claims waived as Appellant did not raise them in a Pre-Trial Motion or at his trial. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also Commonwealth v. Eisenberg*, 98 A.3d 1268, 1274-75 ("[I]t is incumbent upon one raising the specter that a statute is unconstitutional to state, at least in somewhat express terms, the specific constitutional grounds upon which the challenger is basing its attack on the legislation.").

Appellant's unsupported claim of protection from Section 1573(a) because of Florida's grant of a "substantial right" to drive fails. Appellant's Brief at 13. It is well-settled that the operation of a vehicle is a privilege, not a right, afforded by the state, and subject to regulation by the state. *See Commonwealth v. Zimmick*, 653 A.2d 1217, 1222 (Pa. 1995); *Commonwealth Dep't of Transp. v. Wysocki*, 535 A.2d 77, 78 (Pa. 1987). *See also Lite v. State*, 617 So. 2d 1058, 1060 (Fla. 1993)

(reiterating that driving is a privilege, not a right). There is no right to drive recognized by the U.S. Constitution or any state constitution.

Because there is no constitutional right to drive, Appellant's claim that "the state of Florida has given the Appellant a substantial right to drive" is, as a matter of law and fact, false. Thus, contrary to Appellant's contention, Section 1573(a) does not infringe on any constitutional rights.[2] Accordingly, Appellant is not entitled to relief.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/2016

---

[2] We also note that both Florida and Pennsylvania are members of the Driver License Compact. *See* Fla. Stat. 322.44; 75 Pa.C.S. §1581-86.